## Western Union Telegraph Co. v. G. T. D. Haltom.

1. DAMAGES—*For Mental Anguish.*—Mental anguish and injured feelings, in no way connected with an injury to the person, and resulting from mere negligence, can not be sufficient basis for the recovery of damages.

Trespass on the Case, for failure to deliver a telegram. Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1897. Reversed and remanded. Opinion filed September 10, 1897.

W. L. GROSS, attorney for appellant.

GEE & BARNES, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action on the case in the Lawrence Circuit Court, brought by appellee against appellant, to recover damages for failure on the part of appellant to deliver to appellee a telegram which a brother of appellee had contracted with appellant to transmit from Cloverdale, Indiana, to appellee, at Lawrenceville, Illinois.

The declaration consists of but one count, and is as follows:

STATE OF ILLINOIS, ⎫ ss.
Lawrence County.  ⎬

In the Circuit Court, Lawrence County.

To the Feruary term, 1896.

In this case the plaintiff, G. T. D. Haltom, complains of the defendant, which has been summoned, The Western Union Telegraph Company, of a plea of trespass on the case: For that, whereas, the defendant, on the 10th day of May, 1895, was the owner of and possessed of certain lines of telegraph extending from Cloverdale, in the State of Indiana, to Lawrenceville, in the State of Illinois, and upon which lines of telegraph, by means of electricity, it, for a certain reward, was accustomed to transmit and deliver certain messages, usually nominated as telegrams, whenever required. And the plaintiff says that at the said Cloverdale, the defendant then and there had an office, and then and there accepted from one Stockton Haltom, a brother of this plaintiff, a certain message and for a consideration of twenty-five cents then and there paid by the said Stockton Haltom agreed to safely and promptly transmit to this plaintiff a message as follows:

MAY 10, 1895.

To G. T. D. Haltom, Lawrenceville, Ill.

Ike is dead.   Come at once to Quincy.

STOCKTON HALTOM.

Which message was delivered and sent to this plaintiff for his express use and benefit, for the reason that the said " Ike "

referred to in the telegram was a brother of this plaintiff, and one for whom this plaintiff had great love and affection, and it was with a knowledge of such facts that the urgent telegram was sent in order that he, the plaintiff, might be present at the funeral of the said brother. And the plaintiff avers that he was at that time residing in Lawrenceville, Ill., at the place where the telegram was directed to be sent, and within the limits of the delivery of the office which the defendant had at that time located in Lawrenceville aforesaid. And that he was well known to all the citizens of said place, and could easily have been found by the defendant's agents, as he was well known to the agent there, as he, the plaintiff, had resided at Lawrenceville for several years.

And the plaintiff avers it was the duty of the defendant to safely and promptly deliver to the plaintiff the said message or telegram, and knew its duty and agreed to do so at the time of the acceptance of the same at Cloverdale, Ind. Yet the plaintiff avers that the defendant, well knowing its duty in the premises, refused to do as it was bounden in law to do, and negligently, willfully and recklessly failed to transmit the said message to this defendant, and by reason of the willful, reckless and negligent acts of the defendant as aforesaid, this plaintiff did not learn of the death of his brother until some days after the burial of the said brother, and was thereby deprived of the privilege of being at the funeral and the burial of the said brother. And this plaintiff says that if the said telegram had been promptly transmitted and delivered, as the defendant was in duty bound to do, he would have been able and would have been present at the funeral and burial of the said brother, as the distance between the two points, Cloverdale in Indiana, and Lawrenceville in Illinois, is not over one hundred miles, and the means of transit between the two places is amply provided so as to have insured his presence as he was in good health and would have been present. And the plaintiff avers that by reason of not receiving the said telegram, and not being apprised of his brother's death, and not being present at his funeral, he, the plaintiff, was brought into reproach and

dislike among his relatives and neighbors who are well acquainted with him, who having reason to believe and did believe that he had knowledge of his brother's death, and was willfully without any sufficient cause absenting himself from paying the last sad tribute of respect to his brother, for whom he had given out that he had great affection, and the plaintiff says that after a time when he became aware that his brother was dead and that he had been unable to be present at his funeral, he was afflicted with great anguish and suffering of mind; that his mental anguish continued for many days; that during said time there was occasioned great injury to his feelings, all caused by the fact that he had been unable to be present at the funeral of his deceased brother, and thereby give the last testimony of his love and affection for him.    And the plaintiff avers all this was caused by the act of the plaintiff in not making prompt delivery of the said telegram.

And the plaintiff avers that by the law of the State of Indiana, where the contract was entered into by the said Stockton Haltom for the benefit of this plaintiff and the said telegram accepted from him for transmission, the defendant well knew that for a failure to properly transmit the telegram, it would be liable for all damages occasioned to this plaintiff by mental anguish and injury to his feelings, and then and there accepted the same under the law of Indiana. And the plaintiff says by the law of Indiana an action has accrued to him to demand of the plaintiff all the damages which have been occasioned to him in mental anguish and injured feelings.    And he says he is injured in the sum of one thousand dollars, and hence he has brought this suit. And he prays judgment.

G. T. D. HALTOM,

By GEE & BARNES, his attorneys.

To this declaration, a demurrer both general and special was filed by appellant and overruled by the court, after which appellant filed its plea of not guilty.    The case was tried by a jury, resulting in a verdict for appellee, assessing his damages at $230.    Motions by appellant in arrest of

judgment and for new trial, both overruled.   Judgment on the verdict.   Case brought to this court by appeal.

The testimony tends to prove all that is material of the declaration, except the averments that appellant "willfully and recklessly failed to transmit the said message," that by not being present at his brother's funeral he was brought into reproach and dislike among relatives and neighbors, and the averments pleading the law of the State of Indiana. There is no evidence to justify a finding that appellant acted willfully or recklessly; that appellee was brought into reproach and dislike among his relatives and neighbors, and no attempt was made to prove the law of Indiana.

These eliminated, the declaration may stand as showing the material facts of the case.

The controlling question in this case is as to the law for the admeasurement of damages applicable to the facts.

Counsel for appellee contend that because appellant did not elect to stand by its demurrer to the declaration, but chose to plead and contest the facts, it can not now raise that question of law.   That position is not well taken.   In the declaration is pleaded materially more than the evidence proves.

Out of the facts the law arises.   If the law of Indiana, where the contract was made, had been proved to be as pleaded, and the tort counted on been treated as a mere breach of contract, it would have presented a very different question.   Counsel state that they did not plead any statute of Indiana, and that the court must presume the common law is referred to.   The fact that it is pleaded as the law of Indiana raises the presumption that it refers to such a law of that jurisdiction as the pleader supposed is cognizable here only when pleaded and proved.   This case must be determined by the law of Illinois as applicable to the facts established on the trial.

The court gave to the jury on behalf of appellee, and at his instance, the following instruction:   "The court instructs the jury, that if you believe from a preponderance of the evidence that the plaintiff has suffered damage, in manner

and form as charged in the declaration, then you should find for the plaintiff, and assess his damages at such an amount as you think him entitled, not exceeding the amount claimed in the declaration."

And the court gave, of its own motion, the following instruction : "The court instructs the jury that the suffering from sickness claimed by plaintiff can not be allowed as an element of damages, unless the weight of the evidence shows that such sickness was the direct result of the disappointment resulting from failure to deliver the message in question."

The only injuries averred in the declaration and covered by the evidence for which appellee claims substantial damages are : That when he became aware that his brother was dead, and that he had been unable to be present at his funeral, he was afflicted with great anguish and suffering of mind; that his mental anguish continued for many days; that during said time there was occasioned great injury to his feelings, all caused by the fact that he had been unable to be present at the funeral of his deceased brother and thereby give the last testimony of his love and affection for him. The count concludes : "And the plaintiff says by the law of Indiana an action has accrued to him to demand of the plaintiff all the damages which have been occasioned to him in mental anguish and injured feelings. And he says he is injured in the sum of one thousand dollars and hence he has brought this suit. And he prays judgment."

The testimony was admitted, over appellant's objection, tending to show that as a result of the disappointment in not receiving the message, appellee became sick and unable to attend to his usual duties, was confined to his bed and under care of a physician for two or three weeks.

We find nothing in the declaration to warrant the admission of this testimony or to justify the instruction recogizing such sickness as an element of the damages in this case.

This brings us to the controlling question. What is the common law rule for the admeasurement of damages, applicable to the facts established in this case ?

Upon this question respective counsel have furnished us all the assistance possible. Both counsel for appellant and for appellee have presented this branch of the case ably and exhaustively.

We have given the subject thorough investigation and much thought and find that the greater weight of authority, and to our minds much the sounder reasoning, calls for a rule excluding mental anguish and injured feelings as independent elements of damages in this class of cases.

We hold the common law to be, that mental anguish and injured feelings in no way connected with an injury to the person, resulting from mere negligence, can not be sufficient basis for the recovery of damages.