WESTERN UNION TELEGRAPH COMPANY *v.* FERGUSON.

[No. 3,290.    Filed February 12, 1901.]

APPELLATE COURT.—*Transfer of Cause to Supreme Court.*—*Telegraph Companies.* — *Damages.* — *Mental Anguish.* —Where a question is presented to the Appellate Court which is governed by a rule of law previously announced by the Supreme Court, which the Appellate Court believes should be changed, the cause may be transferred to the Supreme Court with recommendations to change the rule.

From the Monroe Circuit Court.    *Transferred to the Supreme Court.*

*S. N. Chambers, S. O. Pickens, C. W. Moores, T. J. Louden* and *J. H. Louden,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellee.

HENLEY, C. J.—This was an action commenced by appellee, Howard Ferguson, against appellant to recover dam-

ages on account of the alleged negligent and unlawful failure of appellant to transmit and deliver to appellee a message filed by appellee's brother at Bloomington, Indiana, on the 13th day of July, 1898, and addressed to appellee at Bushrod, Indiana. The body of the message was in the following words: "To Howard Ferguson, Bushrod, Ind. Grandma is dead. Will be buried Thursday two o'clock. Come. Fred Ferguson." The message was not delivered. The damages sought to be recovered by appellee are for the mental anguish and distress of mind caused by the failure to deliver the message. It is not contended that appellee received any pecuniary or bodily injury. The question is squarely presented by the demurrer to the complaint as to whether there can be any recovery where the basis of the action is mental anguish alone unaccompanied by bodily injury. That there may be such a recovery in such cases is the law in this State. *Reese* v. *Western Union Tel. Co.,* 123 Ind. 294, 7 L. R. A. 583; *Western Union Tel. Co.* v. *Stratemeier,* 6 Ind. App. 125; *Western Union Tel. Co.* v. *Eskridge,* 7 Ind. App. 208; *Western Union Tel. Co.* v. *Newhouse,* 6 Ind. App. 422; *Western Union Tel. Co.* v. *Cline,* 8 Ind. App. 364; *Western Union Tel. Co.* v. *Stratemeier,* 11 Ind. App. 601; *Western Union Tel. Co.* v. *Bryant,* 17 Ind. App. 70; *Western Union Tel. Co.* v. *Briscoe,* 18 Ind. App. 22; *Western Union Tel. Co.* v. *Henley,* 23 Ind. App. 14.

In deciding the cases of this character presented to this court, we have followed the rule established by the Supreme Court of this State in *Reese* v. *Western Union Tel. Co., supra,* and it remains for the Supreme Court to say now whether we shall continue to follow the rule there laid down, or to abandon it, and adopt another and different rule which this court has now concluded is founded in sound reason and is sustained by the great weight of authority.

Our Supreme Court in *Western Union Tel. Co.* v. *Hamilton,* 50 Ind. 181, in construing a penal statute (§5512

Burns 1894), relating to telegraph companies, indicated what the court at that time believed the rule to be. In the opinion, Downey, J., says: "The case under consideration is a good illustration of the reason for the enactment of the law imposing a penalty in such cases. There is, in this case, a confessed violation of the contract made by the company to transmit the despatch, and yet, if an action should be brought against the company for the recovery of 'special damages' given by the second section, how could they be estimated, and what would be their measure? What damages shall be awarded to a relative or a friend for being deprived of the melancholy privilege of attending the funeral of his relative or friend? Suppose the despatch had been an invitation to a marriage, to a family reunion, or with reference to any other matter where special damages could not be shown, what substantial remedy can the party have unless it be the recovery of the penalty? By giving the penalty the law enforces the contract or duty of the company." The words used in the telegram in the Hamilton case above referred to were: "George died at 5 o'clock this afternoon. Funeral to-morrow at 5 o'clock."

In support of our contention that the doctrine established by the Reese case in Indiana is not sustained by the weight of authority, we cite twenty-six of the courts of last resort in this country and the highest courts of England.

In *Peay* v. *Western Union Tel. Co.*, 64 Ark. 538, 43 S. W. 965, 39 L. R. A. 463, the court said: "It is not to be controverted that in cases of torts that produce physical injury, attended with mental suffering, the mental suffering is an element of damages recoverable in an action at law, because they are so intimately connected as to make separation impracticable. So, also, damages may be recovered for torts that are wilful, and calculated to injure the feelings, but only in aggravation of damages, on account of the wanton and wilful character of the wrong done; but no action lies for injury to the feelings merely, or for mental

anguish alone. It will be borne in mind that the damages claimed in this case are alleged to have been caused by a breach of contract. In a majority of instances the breach of a contract merely causes disappointment, annoyance and more or less mental trouble or distress. But it would be an unwarranted stretch of the law, in our opinion, to hold that, for mental anguish caused by violation of a contract merely, damages could be recovered in an action at law. We do not think that damages for mental pain and suffering alone can be measured by any practical or just rule."

In *International, etc., Tel. Co.* v. *Saunders,* 32 Fla. 434, 14 South. 148, the delayed telegram was as follows: "Charles Saunders, Titusville. Wife dying. Come at once, or send wishes by wire. [Signed] Supt. St. Luke's Hospital." The message was received at Titusville in due time, but was not delivered to Saunders for more than thirty-six hours after it had been so received. The court holds in an able and exhaustive opinion that damages are not recoverable in such a case. In commenting upon the case of *So Relle* v. *Western Union Tel. Co.,* 55 Tex. 308, which was the first case holding that damages for mental anguish could be recovered in a case like this, the court say: "For the support of its ruling in the So Relle case the Texas court next quotes at length the *dictum* of the authors of Shearman & Redfield on Negligence, which *dictum*—as originally incorporated in their work—was entirely without the support of any adjudged case. The seduction case of *Phillips* v. *Hoyle,* 4 Gray 568, is next invoked to the support of the Texas court, where injury to the feelings of the parent in consequence of the daughter's seduction was held to be an element of damages. The fact seems to have been overlooked, in citing this case to its support, that in cases of seduction, and other *torts* independent of contract, *injured feelings* are given consideration, not so much as a criterion for the admeasurement of *compensation,* but as a standard by which to estimate the *enormity of the outrage,* wilfully committed, and as a guide

whether the damages to be allowed, *as punishment,* shall be higher or lower. The next and last authority cited to the support of the So Relle case is the case of *Roberts* v. *Graham,* 6 Wall. 578, 18 L. Ed. 791, but we fail to find in it any reference whatever to the subject of damages for injured feelings or mental suffering. * * * The doctrine of the So Relle case has for its support, then, in reality, only the unsupported *dictum* of Messrs. Shearman & Redfield, in their work on Negligence. In the case of *Gulf, etc., R. Co.* v. *Levy,* 59 Tex. 563, decided in 1883, the So Relle case was expressly overruled in so far as it held that an action for mental suffering alone could be maintained. In *Stuart* v. *Western Union Tel. Co.,* 66 Tex. 580, 18 S. W. 351, decided in 1886, the Levy case is practically overruled, and the court, without the support of any additional authorities returns to the doctrine of the So Relle case. The ruling in *Stuart* v. *Western Union Tel. Co.* has been adhered to in that state ever since, encumbered, however, with finely drawn distinctions that seem to keep an even pace with the rapid increase of litigation that the enunciation of such a doctrine would naturally engender."

A very instructive and well considered opinion is found in the case of *Chapman* v. *Western Union Tel. Co.,* 88 Ga. 763, 15 S. E. 901, 17 L. R. A. 430, where a vast number of authorities are collected, and the court concludes that there is no public policy to be subserved by giving damages for mental suffering, that it is not permitted by the common law, and it is not permitted the courts to usurp the prerogative of the lawmakers. To the same effect see *Western Union Tel. Co.* v. *Halton,* 71 Ill. App. 63.

The same question is reviewed in the case of *West* v. *Western Union Tel. Co.,* 39 Kan. 93, 17 Pac. 807, where the court say: "Where mental suffering is an element of physical pain, or is a necessary consequence of physical pain, or is the natural and proximate result of the physical injury, then damages for mental suffering may be recov-

ered, where the injury has been caused by the negligence of the defendant; but in an action of this kind, we do not think that damages for mental anguish or suffering can be allowed."

In *Francis* v. *Western Union Tel. Co.*, 58 Minn. 252, 59 N. W. 1078, 25 L. R. A. 406, Mitchell, J., in a vigorous and exhaustive opinion on the question here involved holds that damages for mental anguish alone are not recoverable, and that "Courts have no more right thus to abrogate the common law than they have to repeal the statutory law." Again he says in the same opinion: "The 'Texas doctrine', with more or less modification, has quite recently been adopted by the courts of Alabama, Kentucky, Tennessee, North Carolina, and Indiana. The harvest of 'intolerable litigation' which is being reaped in Texas has not yet matured in those states, but certainly will if the doctrine is adhered to. * * * No lawyer as yet seems to have had the temerity to present such a case to a court of last resort in any of the eastern or northeastern states. * * * The Pandora box that has been opened by the 'Texas doctrine' proves more forcibly than argument the wisdom of the common-law rule, that damages of this kind cannot be recovered in actions on contracts. And, if damages of this kind are to be allowed for the breach of a contract of this character, where are we to stop? * * * Why not allow damages for the mental suffering or disappointment of passengers caused by the delay of trains through the negligence of the carrier? The object of the journeys of travel is often not pecuniary, but to visit sick relatives or to attend the funerals of deceased ones, which are matters affecting the feelings as much and exclusively as a telegram. If the train is delayed through the negligence of the carrier, so that the passenger does not reach his destination in time to accomplish his desired object, why is he not entitled to damages for his disappointment and mental suffering as much as the sender or addressee of a delayed telegram?"

And a recovery was denied in just this kind of a case in *Wilcox* v. *Richmond, etc., R. Co.,* 52 Fed. 264, 3 C. C. A. 73, 17 L. R. A. 804. "The truth is, once depart from the old rule, and we are all at sea, without either rudder or compass. Any other doctrine is unauthorized by any principle of law, and would, we are satisfied, work badly in practice, giving rise to a flood of speculative litigation uncontrolled by any guide as to the measure of damages except the whim of the jury, or the arbitrary standard that may be adopted by the particular judge who tries the cause."

In *Lynch* v. *Knight,* 9 H. L. Cas. 598, the court said: "Mental pain or anxiety the law cannot value, and does not pretend to redress, when the unlawful act complained of causes that alone."

In *Alsop* v. *Alsop,* 5 Hurl. & N. 534, Pollock, C. B., said: "We ought to be careful not to introduce a new element of damage, recollecting to what a large class of actions it would apply, and what a dangerous use might be made of it."

In *Victorian R. Comrs.* v. *Coultas,* L. R. 13 App. Cas. 222, it is held that an action cannot be maintained for mental suffering unaccompanied by physical injury. There is no conflict in the English cases upon this question. See, also, *Spade* v. *Lynn, etc., R. Co.,* 168 Mass. 285, 47 N. E. 88; *Hyatt* v. *Adams,* 16 Mich. 180; *Western Union Tel. Co.* v. *Rogers,* 68 Miss. 748, 9 South. 823, 13 L. R. A. 859; *Connell* v. *Western Union Tel. Co.,* 116 Mo. 34, 22 S. W. 345, 20 L. R. A. 172; *Johnson* v. *Wells, Fargo & Co.,* 6 Nev. 224; *Curtin* v. *Western Union Tel. Co.,* 42 N. Y. Supp. 1109; *Morton* v. *Western Union Tel. Co.,* 53 Ohio St. 431, 41 N. E. 689, 32 L. R. A. 735; *Butner* v. *Western Union Tel. Co.,* 2 Ok. 234, 37 Pac. 1087; *Ewing* v. *Pittsburgh, etc., R. Co.,* 147 Pa. St. 40, 23 Atl. 340, 14 L. R. A. 666; *Davis* v. *Western Union Tel. Co.,* 46 W. Va. 48, 32 S. E. 1026; *Summerfield* v. *Western Union Tel. Co.,* 87 Wis. 1, 57 N. W. 973. And dissenting opinion in *Wadsworth* v.

*Western Union Tel. Co.,* 86 Tenn. 716, 8 S. W. 574; *Haile's Curator* v. *Texas, etc., Co.,* 60 Fed. 557, 9 C. C. A. 134, 23 L. R. A. 774; *McBride* v. *Sunset, etc., Co.,* 96 Fed. 81.

It is worthy of note that the courts holding a contrary doctrine in Indiana, Tennessee (a divided court), Kentucky, North Carolina, and Alabama cite as their sole authority the So Relle case, which announced a rule contrary to the common law, and without statute or authority to sustain it.

Without burdening the court with a further citation of authorities, we are of the opinion that the rule announced in *Reese* v. *Western Union Tel. Co.,* 123 Ind. 294, should be changed, because it has no authority in statute or common law; because it is a special rule and cannot be made general; because under it there can be no proof of damages and no measure of damages; because it will work mischief and confusion, and because it denies to appellant, in this case, the equal protection of the law. We say the rule denies the appellant in this case the equal protection of the law because it is not enforced against any other persons or corporations in the State. The State through its courts protects the property of all other persons and corporations from demands arising from mental anguish not accompanied by physical injury. If the rule is enforced, appellant's property will be taken from it by the State and sold to pay a claim which could not be enforced against any other corporation or individual under exactly the same facts and circumstances. *Kalen* v. *Terre Haute, etc., R. Co.,* 18 Ind. App. 202, 63 Am. St. 343; *Cleveland, etc., R. Co.* v. *Stewart,* 24 Ind. App. 374; *Gaskins* v. *Runkle,* 25 Ind. App. 584.

Such a rule, then, as that established in the Reese case, is in conflict with the fourteenth amendment of the Constitution of the United States. It was well said by Mr. Justice Matthews in *Yick Wo* v. *Hopkins,* 118 U. S., at page 373, 6 Sup. Ct. 1073, 30 L. Ed. 227: "Though the law itself be

fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution. This principle of interpretation has been sanctioned by this court in *Henderson* v. *Mayor,* 92 U. S. 259, 23 L. Ed. 543; *Chy Lung* v. *Freeman,* 92 U. S. 275, 23 L. Ed. 550; *Ex Parte Virginia,* 100 U. S. 339, 25 L. Ed. 676; *Neal* v. *Delaware,* 103 U. S. 370, 26 L. Ed. 567; *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. Ed. 923."

The law must be administered according to rules not of special but of general application. A rule unwise in its general application will not serve the purposes of justice. These rules can not be made to fit each case. They are general and are framed with reference to the rights of both parties; not merely to afford the injured party a just compensation for his injury, but also to measure in justice what the other party should pay.

With the greatest respect to the Supreme Court of Indiana, we herein exercise the right given us by statute, and transfer this cause to said court, with the recommendation that the law be held to be as herein indicated. The clerk is directed to certify this opinion to the Supreme Court and to transfer this cause to said court.