# DECISIONS

# Court of Appeals of Kentucky.

## JANUARY TERM, 1903.

CASE 53—ACTION BY G. A. HENDON AGAINST THE CUMBERLAND TELE-
PHONE & TELEGRAPH COMPANY FOR DAMAGES FOR DISCONTINUING
THE USE OF THE TELEPHONE IN PLAINTIFF'S HOUSE.—JAN. 7, 1903.

# Cumberland Telephone & Telegraph Co. v. Hendon.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

TELEPHONES—WRONGFUL DISCONNECTION—MEASURE OF DAMAGES.

Held:   By mistake, a physician's telephone was disconnected for
non-payment of rent, when, in fact the rent had been paid.
During the eighteen hours it had been disconnected, persons en-
deavoring to reach the physician by telephone were informed
that the telephone had been disconnected for non-payment of
rent.   HELD, in an action by the physician against the company
for damages, it appearing that, although considerably annoyed,
he had suffered no pecuniary injury, he is not entitled to re-
cover punitive damages—the measure of damages being the
amount paid for the service for the time the 'phone was dis-
connected, taking for the basis the amount paid by the month.

FAIRLEIGH, STRAUS & EAGLES, FOR APPELLANT.

PRYOR & SAPINSKY AND O'NEAL & O'NEAL, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, Hendon, is a physician, living in Louisville. He was a patron of the appellant, the Cumberland Telephone & Telegraph Company, and had one of its instruments in his office. Appellant discontinued the telephone from 3 o'clock p. m. of October 23, 1900, to 8:45 a. m. the next morning, or something less than 18 hours, and this action was brought to recover damages therefor. The reason the telephone was disconnected was that the bookkeeper made a mistake in posting the amount paid. His book did not show that Hendon had paid for the month of September, although he had in fact paid. On October 22d, a notice was sent to him that his 'phone was discontinued for this reason, and, he having paid no attention to the notice, 24 hours afterwards the connection at the office was severed, although the instrument was not removed. When he got home at 6 o'clock that evening and found that he had been cut off, he tried to 'phone to the office, but failed to get them. The next morning he went down, the mistake was at once corrected, and the instrument was no longer discontinued. The proof showed that he had not only paid for September, but had also paid in advance for October, November and December. It also showed that one person who needed the doctor for his wife that night, being unable to reach him by 'phone, walked to his office and waked him up. It also showed that three other persons who wished to talk with him were unable to reach him on the 'phone, and that, when one of them asked at the office what was the matter, the assistant manager answered that his 'phone had been discontinued for nonpayment of rent. It is not shown that he suffered any pecuniary loss by the suspension of the service, although it would seem that he was considerably annoyed about it. On these facts, the jury

found for him a verdict for $200, on which the court entered judgment. The court instructed the jury that they should find for the plaintiff at least nominal damages, and, if they believed from the evidence he suffered inconvenience by reason of his telephone service being discontinued. then they should further find for him such sum as would fairly and reasonably compensate him for the inconvenience so sustained. There was nothing in the case to warrant an instruction on punitive damages, and the court properly refused to instruct the jury on this subject. The plaintiff had by contract acquired the right to a certain service, and, this contract being broken, the measure of damages is compensation for the breach, as in other cases of broken obligations. The case is entirely different from those where there is a physical trespass, as in the case of the expulsion of a passenger from a train, where there is not only a breach of contract but an actual tort. The proper measure of damages to compensate for the breach of the contract is a matter of some difficulty, and we have been referred to no authorities directly in point. Where the contract is to deliver a specific message, and is broken, the measure of damages has been often adjudicated, and we see no reason why the same principles should not apply to the case before us, for the contract here was in substance an undertaking to convey all messages the subscriber might wish to send, or others might wish to send to him over appellant's line, within the time paid for by him. In the absence of proof of special damage for the failure to carry a message, the recovery would be limited to the amount paid for the service which was not furnished. Mere inconvenience or annoyance can not be recovered for except in peculiar cases. 25 Am. & Eng. Ency. Law, 855-863; Chapman v. Telegraph Co., 90 Ky., 265, 12 R., 265, 13 S.

W., 880. Where there is a contract, not for a specific message, but for the carriage of all messages within a certain time, the refusal to carry any messages for a certain part of the time is a breach of contract not different in character from the neglect to carry a specific message, and the measure of damages, in the absence of any proof of specific loss, is the amount paid for the service for the time during which it is refused. In case of special damage, this, in addition, may be recovered under proper averments. Robinson v. Telegraph Co. (24 R., 452) 68 S. W., 656, 57 L. R. A., 611. Under the evidence, the court should have instructed the jury to find for the plaintiff the amount paid by him for the service for the time his 'phone was discontinued, taking for the basis the amount paid by the month, and allowing for the time lost such part thereof as they deemed right.

Judgment reversed, and cause remanded for further proceedings consistent herewith.                                         •