[No. 16003.   Department One.   January 18, 1921.]

MARK LITCHMAN *et al., Appellants,* v. PACIFIC
TELEPHONE AND TELEGRAPH COMPANY,
*Respondent.*[1]

TELEGRAPHS AND TELEPHONES (14)—DAMAGES (19)—MENTAL SUF-
FERING. Compensatory damages for mental anguish cannot be re-
covered by a telephone subscriber who changed his residence and
was required to take a new number, and was humiliated and an-
noyed by unintentional negligence on the part of operators in re-
porting his old number as "temporarily disconnected," where there
was no evidence of any physical or financial injury or loss.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered March 9, 1920, in fa-
vor of the defendant, notwithstanding the verdict of a
jury for plaintiff, in an action in tort, after a trial on
the merits. Affirmed.

*Mark M. Litchman* and *Thos. R. Horner,* for ap-
pellants.

*Chadwick, McMicken, Ramsey & Rupp* and *John P.
Garvin,* for respondent.

HOLCOMB, J.—Two causes of action to recover dam-
ages: (1) for telephone service alleged to have been
paid for and not rendered; and (2) for bad telephone
service and inconvenience, annoyance and discomfort,
during a period of four months from approximately
June 15, 1918, to about the latter part of October, 1918,
were sued on in this case.

The case was tried to the court and a jury. The
jury returned a verdict of five dollars for the plaintiffs
on account of telephone service paid for and not
rendered, and seven hundred dollars for discomfort,
annoyance, inconvenience and humiliation alleged to

[1]Reported in 194 Pac. 967.

have been suffered by the plaintiffs as a result of intentional bad service and false statements of the defendant telephone company's employees. From a judgment for the defendant notwithstanding the verdict on the second cause of action, the plaintiffs appealed.

The appellant Mark M. Litchman is an attorney, and his wife is a nurse. On June 15, 1918, they moved from 4611, Second avenue, northeast, Seattle, where they had been living, to 3637, 34th avenue, south. In the former residence, the number of the appellants' telephone had been North 532; and when they moved, they requested the telephone company to permit them to retain the same telephone number at their new residence. The company informed the appellants that this would be impossible, inasmuch as the new residence was in a different exchange district. However, the parties who vacated the house into which the appellants moved had a telephone there under the number, Rainier 230-W, and the appellants were accommodated by the telephone company by being allowed to keep this same telephone and number. The instrument in the residence from which the appellants had moved was thereupon disconnected. The exchange operators for the exchange district in which telephone North 532 was had the number marked as "temporarily disconnected." Accordingly, when persons, who desired to communicate with the Litchmans, but did not know of their removal and of their new telephone number, attempted to get in communication with the Litchmans by calling their old number, the exchange operator would give such persons the formal answer that telephone North 532 was "temporarily disconnected."

Appellants assert that the phrase "temporarily disconnected" signified that they were in arrears in the

payment of their telephone rental, and, that fact being so reported to clients, patients and friends of theirs, was very humiliating, annoying and discomforting. They claimed nothing at the trial on account of losing business or financial loss, but claimed only that they were entitled to substantial damages although incapable of mathematical computation.

In the actions of the telephone company and its officers and employees, there was not the slightest element of malice, ill will or wilfulness. On the contrary, they seemed desirous of in every way accommodating appellants, who removed their residence through no fault of respondent. Under respondent's general rule and customs, appellants could have been kept on the waiting list for a new listing. To have retained their old telephone number in a different exchange district was impossible.

The undisputed evidence of the telephone company was that the term "temporarily disconnected" was used by the operators under its operating system under four conditions: (1) When alterations were being made at the subscriber's premises; (2) when the subscriber was absent for a vacation or trip and wished to retain his telephone but not to use it for that period, and so was given a vacation rate for such period, during which the report of operators to telephone callers would be "temporarily disconnected," although the telephone rental had been paid in advance; (3) when there was a change of location, or outside move, as it was called by the company, during the period that the telephone was out of service; and (4) on non-payment of bills. The number of telephones that were designated "temporarily disconnected" for the first three causes equaled or exceeded the number so designated for non-payment of bills. At no time and in no instance, were the Litchmans reported "temporarily dis-

connected" for non-payment of telephone rental. The operators did not know why the telephone numbered North 532 was designated "temporarily disconnected." When Mr. Litchman complained to the manager of the company of the remarks and complaints of the clients, patients and friends of himself and his wife, that official at once directed the transfer of incoming calls from the old number to the new. These facts show that there was simple and unintentional negligence on the part of operators and employees of the company, nothing more.

There are cases holding that, for wilful injury, gross and wanton negligence, or deliberate omission of duty toward the telephone users, damages may be allowed for inconvenience, discomfort and annoyance, without other substantial loss. But in nearly all the cited cases, there was other substantial pecuniary loss, and the injury was purposely and knowingly caused, or where exemplary damages were permitted, as in *Sommerville v. Chesapeake & Potomac Tel. Co.*, 258 Fed. 147, and *Cumberland Tel. & Tel. Co. v. Hobart,* 89 Miss. 252, 42 South. 349, 119 Am. St. 702. In *Carmichael v. Southern Bell Tel. & Tel. Co.,* 157 N. C. 21, 72 S. E. 619, Ann. Cas. 1913 B 1117, 39 L. R. A. (N. S.) 651, the company wrongfully disconnected the subscriber's telephone. In *Harbaugh v. Citizens' Tel. Co.,* 190 Mich. 421, 157 N. W. 32, Ann. Cas. 1918 E 117, the removal of the telephone was found by the court to be unwarranted according to the terms of the contract between the subscriber and the company.

The elements of injury here relied upon, without any physical or financial injury or loss, are not more serious than mental anguish, which, without physical injury or pecuniary loss, we have always rejected as a sole element of damages. *Turner v. Great Northern R. Co.,* 15 Wash. 213, 46 Pac. 243, 55 Am. St. 883;

*Corcoran v. Postal Tel-Cable Co.,* 80 Wash. 570, 142 Pac. 29, L. R. A. 1915 B 522; *Kneass v. Cremation Society,* 103 Wash. 521, 175 Pac. 172. See, also, *Western Union Tel. Co. v. Ferguson,* 26 Ind. App. 213, 59 N. E. 416; *Cumberland Tel. & Tel. Co. v. Hendon,* 114 Ky. 501, 71 S. W. 435, 102 Am. St. 290, 60 L. R. A. 849; *Chapman v. Western Union Tel. Co.,* 88 Ga. 763, 15 S. E. 901, 30 Am. St. 183, 17 L. R. A. 430.

Judgment affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and FULLERTON, JJ., concur.