## Decker, et al. v. Decker.

(Decided October 17, 1924.)

### Appeal from Wayne Circuit Court.

1. Curtesy—Right Relinquished by Joint Conveyance by Husband and Wife.—Right of curtesy is relinquished by joint conveyance by wife and husband.

2. Curtesy—Husband Held Not to have Relinquished Right to Curtesy by Joining in Deed to Other Lands.—A husband did not relinquish right of curtesy by joining in conveyance by wife of one-eighth interest, which wife had as heir of father in lands in another county, in consideration of conveyance to her, in exchange of land involved.

3. Curtesy—Possession by Other Heirs and Joint Owners was Possession of Wife as Regards Right of Husband to Curtesy.—Possession by coheir and joint owners of land was possession within rule that actual seisin is necessary requisite of estate by curtesy.

4. Curtesy—Common Law Rule was in Full Force Before Passage of Married Woman's Act.—Before passage of Married Woman's Act of 1894, common law rule with respect to curtesy was in full force and effect in Commonwealth, giving to husband curtesy in every case where there was issue born alive.

5. Curtesy—Freehold Estate for Term of Natural Life.—Curtesy at common law was freehold estate for term of husband's natural life in lands of which wife was seized and in possession by fee simple during coverture, in case lawful issue capable of inheriting was born alive.

6. Curtesy—Husband Entitled to Life Estate in Entire Tract where Wife Seized and Child Born Prior to Statute.—Where wife prior to passage by Ky. Stats., section 2132, was seized and possessed of lands after marriage to defendant, and after birth of more than one child alive, defendant, at her death, took life estate by curtesy in entire tract, for balance of his natural life without accounting to his children for rents and profits.

7. Life Estate.—Improvements Not Charge Against Remaindermen.—Life tenant cannot make improvements and charge cost to remaindermen.

8.   Curtesy—Remaindermen having Slept on Rights for Fifteen Years
     Cannot Require Parent to Account for Timber Cut.—Tenant by the
     curtesy had no right to cut growing timber, except to maintain
     improvements and for other necessary purposes, but, where his
     children have slept on their rights for fifteen years, equity will
     not require parent, who used money for benefit of children, or
     some of them, to account for value of timber.

9.   Equity—Will Not Take Cognizance of Infinitesimal Claim.—Equity
     will not take cognizance of infinitesimal claim of remaindermen
     against tenant by the curtesy for firewood cut by latter and sold
     to district school for $3.00, where it would soon have decayed and
     become valueless.

BERTRAM & BERTRAM for appellants.

DUNCAN & BELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

At the time of the death of Andrew Meadows in 1893, intestate, he was the owner and in possession of a large boundary of land in Clinton county and another boundary in Wayne county. He was survived by eight (8) children, all adults. Immediately after the death of Meadows, Sarah E. Decker, a daughter, and her husband, Gabe Decker, by arrangement with the other heirs, moved on and took possession of the entire tract situate in Wayne county. Some time in 1894 Sarah conveyed her one-eighth undivided interest in her father's land in Clinton county to one of her brothers who had bought up other shares in the estate, in consideration of the conveyance to her of seven-eighths interest formerly owned by the other children in the Wayne county lands. At the time of the death of Andrew Meadows Mrs. Decker had been married for several years and was the mother of two or more children then and now living. Other children were born later and at her death, in June, 1903, she left seven living children, some of them infants. She was also survived by her husband, Gabe Decker. He continued to reside upon the Wayne county land and to make it his home. He raised the children there. When one of them got into trouble and was fined in court he sold some timber, amounting to $105.00, from the land, and paid the fine. Later he sold some firewood from the land to a school district for heating purposes. This last sale amounted to only about $3.00 and was cut from down timber which he says would have soon decayed and have been of no value whatever.

This suit was commenced by the children of Sarah E. Decker against their father, Gabe Decker, on February 9, 1922, praying that "curtesy" or "dower" be allowed to the defendant, Gabe Decker, out of the Wayne county lands owned by his wife, and that the remainder of said lands be divided, share and share alike, between the seven plaintiffs as the only children of Sarah E. Decker, deceased, and further praying that the defendant, Gabe Decker, be required to account to plaintiffs, his children, for rents and profits received by him from the lands since the death of Sarah E. Decker, and that the children recover judgment against him for the value of the timber cut and sold off the lands.

In his answer Gabe Decker admitted that he had taken possession of the lands at the death of his wife and had used and occupied them at all times since, up to the time of the filing of his answer; but he denied that his children were entitled to have an accounting for the rents and profits arising from the use of the lands, and averred that he, as the husband of Sarah E. Decker, was entitled under the laws then in force to a life estate, generally denominated a "curtsey," in the whole of the lands of which she died seized and possessed. He recited the fact that his wife, Sarah, inherited from her father, Andrew Meadows, the boundary of land on which they lived, prior to the passage and effective date of the so-called Married Woman's Act of 1894, and that she was seized and possessed of the land, or at least an inheritable interest therein, before the taking effect of the Married Woman's Act of 1894, in consequence of which he became entitled to curtesy in all said land upon her death, and to the use and control of said lands during his life and to enjoy and receive the rents and profits therefrom during all of said period. Issue being joined evidence was taken which sustained the averments of appellee Gabe Decker's answer in so far as it averred the vesting of title in his wife of and to the land occupied and possessed during coverture at and before the effective date of the Married Woman's Act of 1894. The evidence also proved that some fifteen or twenty years before the commencement of the action appellee had cut and sold from the lands about $105.00 worth of timber and that a large part of this money was used to pay a fine of one of the children, and that the balance of it was converted to appellee's own use in providing clothing and support for the infant children; that two or three years before the commence-

ment of the action he had sold some firewood from the premises to the district school for which he received a small sum of money, but that the timber so cut and sold was dead and lying on the ground and would have soon decayed and become of no value.

For appellants it is shown that he had actually possessed the lands since the death of his wife, appellants' mother, and had occupied and used the same as his own and had not accounted to them in any way for rents or the timber taken by him.

The cause being submitted upon its merits, the court adjudged that the children were not entitled to the relief sought in their petition and dismissed it, hence this appeal.

Appellants make the following contentions:

1. The right of curtesy is relinquished by a joint conveyance by wife and husband.

2. Under the Kentucky rule, actual seizin is a necessary requisite for constituting an estate by the curtesy. This was absolutely necessary before 1894 when the rule was suspersed by statute.

3. Under the common law rule in force in Kentucky prior to the act of 1894, before the wife's estate could be charged with an estate by the curtesy, it must have been an estate fully subject to inheritance by the children or heirs of the wife. If the estate could not have been inherited by the children of the wife, then it could not be charged with an estate by the curtesy by the husband.

4. Although the marriage took place and a living child born before the act of 1894, yet, if the land was acquired by the wife after that date, the husband is not entitled to an estate by the curtesy.

5. A life tenant is guilty of a trespass for which the remainderman may recover, if he cuts and sells timber from the lands. The life tenant may remove timber, stones, etc., from the land if necessary to the reasonable enjoyment of the land by him, but he must account to the remainderman for what he received therefor.

6. The life tenant cannot make improvements on the land and charge them against the estate in remainder or make them a personal charge against the remainder.

7. The life tenant must keep the land and buildings in repair at his own expense and pay the taxes and for

any injury by his failure to do so, the remainderman may recover of the life tenant.

We quite agree with appellant's first contention that a husband relinquishes his right of curtesy by deed or other conveyance, but that principle of law has no application to the facts before us. There was no conveyance by the wife and husband of the lands in controversy. The only conveyance by appellee and wife was of the one-eighth interest which the wife had as heir of her father in the lands in Clinton county in consideration of a conveyance, in exchange of a fee to her of all the lands belonging to the estate in Wayne county. The appellee, Gabe Decker, did not release his right of curtesy in the lands which are the subject of this controversy. His wife, Sarah E. Decker, was seized and possessed of one-eighth undivided interest in and to all of said lands immediately upon the death of her father, and under the common law in force in this state at that time, the husband was entitled to a curtesy, a life estate, in all lands of which his wife was seized and possessed, for the balance of his life. Answering appellant's second contention, we may say that the possession of the other heirs and joint owners of the Andrew Meadows lands was the possession of Mrs. Decker. Carr v. Givens, 9th Bush 680; 12 Cyc. 1006. All other claims of appellants may be dealt with generally.

Before the passage of the Married Woman's Act of 1894, covering the subject, the common law rule with respect to curtesy was in full force and effect in Kentucky, giving to the husband curtesy in the lands of the wife in every case where there was issue born alive. By curtesy was meant the estate to which by common law a man was entitled, on the death of his wife, in the lands or tenements of which she was seized and in possession by fee simple during their coverture, provided they had lawful issue born alive which would have been capable of inheriting the estate. It was a freehold estate for the term of his natural life. The Married Woman's Act of 1894 changed the rule, giving to the husband, without reference to the birth of children, alive, a life estate in only one-third of the land of which the wife was seized and possessed at her death. Kentucky Statutes, section 2132. As Mrs. Decker was seized and possessed of the lands in controversy after her marriage to appellee, Gabe Decker, and after the birth of more than one child alive prior to the year 1894, her husband, Gabe Decker, at her death took

a life estate by curtesy in the entire tract and he was entitled to hold, use and enjoy the same during the balance of his natural life and is not required to account to his children, the appellants, for rents and profits. It cannot be successfully contended that the life tenant can make improvements and charge the cost to the remainderman; but we do not think it necessary to discuss this subject for we have reached the conclusion that appellant's claim for timber cut is inequitable and, therefore, is not enforceable against appellee.

Of course, appellee had no right to cut growing timber except to be used in maintaining the improvements on the place and for other necessary purposes in connection therewith. He should not have cut the timber which he sold for $105.00, but appellants having slept upon their rights for fifteen to twenty years, allowing the claim to become stale, equity will not, upon a consideration of the facts, require the old father who used the money derived from the sale of the timber for the benefit of appellants, or at least some of them, after so great a lapse of time to account to his children for the value of the timber. Neither will equity take cognizance of the infinitesimal claim of appellants for the firewood cut by the father on the lands and sold to the district school. It could have been of no value to appellants unless used immediately; besides, it is too trifling an item with which to trouble a court. We think the chancellor properly ignored both the claim for the timber and the claim for the firewood. The chancellor's decree dismissing the petition of the children is affirmed.

Judgment affirmed.