CHESAPEAKE & POTOMAC TEL. CO.
v. CLAY.
No. 10963.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1951.
Decided Feb. 14, 1952.

Karl Michelet, Washington, D. C., with whom Michael J. Keane, Jr., and James W. Lauderdale, Washington, D. C., were on the brief, for appellant.

Mark P. Friedlander, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

E. Bradley Clay sued The Chesapeake and Potomac Telephone Company in the

890

United States District Court for the District of Columbia for damages alleged to have been suffered because the company breached its contract to furnish reference of telephone calls after a change in the location and number of his business telephone. The District Court's order granting summary judgment to the Telephone Company was reversed by this court and the case was remanded.[1]

At the ensuing trial, the district judge's charge to the jury defined nominal damages as "the minimum amount which you may believe the plaintiff must have suffered." The jury was also told that, in addition to nominal damages, it might find compensatory damages not only for pecuniary loss but also for discomfort, inconvenience and annoyance. Moreover, the court told the jury that it might also find punitive damages if it believed the defendant "acted in reckless disregard of the rights of the plaintiff." The verdict awarded the plaintiff $500 in nominal damages, $1,000 in compensatory damages and $1,500 in punitive damages. This appeal is from the judgment entered pursuant to that verdict.

■ The term nominal damages means a trivial sum—usually one cent or one dollar—awarded to a plaintiff whose legal right has been technically violated but who has proved no real damage. On the other hand, compensatory damages are awarded to repair the actual damage which the plaintiff proved he suffered at the hands of the defendant. Obviously a plaintiff cannot be entitled to both forms of damages. It is equally obvious that he cannot be awarded the substantial sum of $500 in the guise of nominal damages and the further sum of $1,000 as actual damages in a single case against a single defendant.

■■ On the first appeal this court held that the papers submitted on the motion for summary judgment showed the Telephone Company had contracted to furnish reference service and had breached its agreement. This was the law of the case at the trial which followed remand, as the facts shown by the evidence did not vary substantially from those presented to the court in connection with the motion for summary judgment. So the plaintiff was entitled at least to nominal damages. Sommerville v. Chesapeake & Potomac Telephone Co., 1919, 49 App.D.C. 3, 258 F. 147. When the case is returned to the District Court, as will be ordered, the verdict for nominal damages should be scaled down to $1.00, and a judgment awarding that sum to the plaintiff, with costs, should be entered.

■ There was no competent proof showing the cessations of the reference service caused the plaintiff to lose opportunities to get business. There was none showing the cessations caused him injury. He had sustained a loss in each year of his business experience, and his loss was less in the year in which the cessations in reference service occurred than in any other. There was no proof that, by reason of the failure in reference, he failed to get calls. It was error to let the case go to the jury on the question of compensatory damages for pecuniary loss when evidence thereof was completely lacking.

■ Nor can a plaintiff recover damages for discomfort, inconvenience or annoyance caused by the defendant's unintentional act of negligence which does not fall within the class of willful trespasses, unless such discomfort, inconvenience and annoyance were the by-products of physical hurt or financial loss. In Southern Express Company v. Byers, 1916, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, the Supreme Court had before it a case in which, like the present one, the wrong charged against the defendant was not a willful trespass such as, for example, assault or false imprisonment. The Court said, at page 615 of 240 U.S., at page 411 of 36 S.Ct.: "The action is based upon a claim for mental suffering only—nothing else was set up and the proof discloses no other injury for which compensation had not been made. In such circumstances as those presented here, the long-recognized common law rule permitted no recovery; the decisions to this effect 'rest upon the elementary principle that mere

1. Clay v. Chesapeake & Potomac Telephone Co., 1950, 87 U.S.App.D.C. 284, 184 F.2d 995.

mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health or reputation.' Cooley, Torts, 3d Ed., page 94. The lower Federal courts, almost without exception, have adhered to this doctrine, and in so doing we think they were clearly right upon principle and also in accord with the great weight of authority." See also Western Union Telegraph Co. v. Hall, 4 Cir., 1923, 287 F. 297; Dallas Telephone Co. v. Oak Cliff Transfer & Storage Co., Tex.Civ. App.1925, 270 S.W. 577; Litchman v. Pacific Tel. & Tel. Co., 1921, 114 Wash. 149, 194 P. 967; Cumberland Tel. & Tel. Co. v. Hendon, 1903, 114 Ky. 501, 71 S.W. 435, 60 L.R.A. 849; Connelly v. Western Union Telegraph Co., 1902, 100 Va. 51, 40 S.E. 618, 56 L.R.A. 663; Western Union Telegraph Co. v. Ferguson, 1901, 157 Ind. 64, 60 N.E. 674, 1080, 54 L.R.A. 846; 25 C.J.S., Damages, § 70(c), p. 559.

This court's decision in Capital Traction Company v. Morgan, 1915, 44 App.D.C. 237, is not to the contrary, although in that opinion it was said at page 249: "But, it is insisted, mental suffering unaccompanied by physical injury may not form the basis of damages. The overwhelming weight of authority is to the contrary"; for in that case Morgan claimed damages for mental suffering resulting from an assault. The statement quoted from the Morgan opinion should have been limited to cases growing out of wrongs which may be classified as willful trespasses. The distinction between the two classes of cases is thus stated in Sedgwick on Damages, 9th ed., v. 1, § 43f, p. 57: " * * * for an infliction of mere mental suffering by an assault or an act of false imprisonment an action may be sustained, although the damage is purely mental. But for wrongs, which do not fall within the class of wilful trespasses a different rule prevails. Such wrongs are not usually actionable unless they result in some tangible physical or pecuniary damage; not for instance where they result in mere mental suffering unaccompanied by physical effect."

■ We conclude, therefore, that the evidence concerning plaintiff's worry, anxiety and annoyance over the interrup-

tions in reference service, standing alone, did not warrant the court in submitting the question of compensatory damages.

■ So, as there was no evidence of financial loss, and as mental anguish alone is not compensable in damages, that portion of the judgment which awarded compensatory damages in the sum of $1,000 must be set aside.

■ We come to the issue of punitive damages, which are damages other than compensatory or nominal damages, and which are awarded against a person to punish him for his outrageous conduct. Such damages are not given for mere inadvertence. Restatement, Torts § 908, and Comment thereunder. Unless the negligent act of a defendant was tortious in character, he cannot be made to pay exemplary, punitive or vindictive damages. Lake Shore & M. S. Ry. Co. v. Prentice, 1893, 147 U.S. 101, 13 S.Ct. 261, 266, 37 L.Ed. 97. There the Court said: "Something more than ordinary negligence is requisite; it must be reckless and of a criminal nature, and clearly established."

The complaint here was in two paragraphs,—one pleading in tort and one in contract. The District Court, in granting summary judgment, said it was neither tort nor breach of contract; in reversing, we held the action was shown by the papers filed in connection with the motion for summary judgment to be *ex contractu,* and then said, "there is no need to discuss the tort question of what its [the Telephone Company's] responsibility would be if there were no contract." But now, in view of the principle concerning the imposition of punitive damages which we discussed above, it is material to determine whether the breach of contract in this case was also a tort. This is so because, under the principle referred to, punitive damages are not awarded for breach of contract unless it was tortious in character.

■ There was no tort here for these reasons: The evidence indicates good faith on the part of the Telephone Company's servants whose negligence caused the reference service to be interrupted. Their negligence seems to have been inad-

vertent. It does not appear that they acted maliciously, wantonly, oppressively, or with a spirit of mischief or criminal indifference to civil obligations, nor did their conduct amount to the "reckless disregard of the rights of the other party",—the somewhat doubtful test spoken of in the Sommerville case. There was, therefore, no reason why the Telephone Company should be required to pay "smart money." The District Court erred in permitting the jury to consider the question of exemplary damages, and the part of the judgment which awarded $1,500 on that score will be set aside.

Reversed and remanded.

EDGERTON, Circuit Judge, concurs in the result.