CITIZENS TEL. CO. v. ANDERSON.

Court of Appeals of Kentucky.

June 18, 1954.

Blakely, Moore & Blakely, Covington, for appellant.

Davies & Hirschfield, Newport, for appellee.

COMBS, Justice.

We have had as much difficulty in determining the issue in this case as in deciding it.

Susie Anderson before her marriage was Susie Daniel. She lived in an apartment at 612 Dayton Street in Newport. Since 1943 she had a telephone in her apartment listed in her maiden name of Susie Daniel. She married Lafe Anderson in March, 1947, and the couple made their home in the wife's apartment. The telephone apparently continued to be listed in the wife's name. In the fall of 1947 the Telephone Company disconnected the telephone during Mrs. Anderson's absence. Inquiry at the Company office revealed that it had been disconnected because the Company had found unauthorized extensions attached to the line. These unauthorized extensions, some four in number, were connected to Mrs. Anderson's line on the outside of the building, one of the connections being just below her second floor window. The extensions ran from her line into a handbook establishment or "bookie," located nearby. There is no showing that Mrs. Anderson had any direct knowledge of the unauthorized extensions. She was employed as a clerk in a Ten Cent Store and, apparently,

was away from home during most of the working day.

This suit was filed in December, 1947. The prayer of the petition was for judgment directing the Company "to fulfill the terms of the contract between the parties and furnish her with the telephone service provided for by said contract." There was no prayer for damages.

The case was not tried until 1950. Mrs. Anderson testified at the trial that she had made several requests that the telephone be reinstalled, but that the Company would not accept her application. In April, 1948, application was filed for a telephone in Mrs. Anderson's apartment, the application bearing the signature "Lafe Anderson—Susie Anderson—wife." A telephone was installed in the apartment on April 9, 1948, in the name of Mrs. Anderson's husband, Lafe. One of the Company officials testified that if Mrs. Anderson should make request for an additional listing in the telephone directory under her own name the request would be granted. After it was developed that Mrs. Anderson had the use of a telephone now listed in her husband's name, and that the Company was willing to list the instrument in her name also, motion was made by the defendant to dismiss the petition. That motion was overruled. The judgment is in somewhat equivocal language in that it merely directs that the Company furnish Mrs. Anderson "telephone service and necessary instruments and adjuncts thereto * * * of the same kind and character furnished to other subscribers and users of said telephone service in and about Campbell County."

The Company contends that it had the right to suspend service to Mrs. Anderson under the General Exchange Tariff, which it has on file with the Public Service Commission under KRS 278.010. Section six of the General Exchange Tariff authorizes the Company to discontinue service to a patron when "any instrument, apparatus or device of any kind other than that furnished by the Telephone Company is attached to or connected with any part of the Company's property." The point is made by the Company that since it was established by uncontradicted testimony that unauthorized extensions were made to Mrs. Anderson's line the Company had the right to discontinue her service. We construe Section six of the General Exchange Tariff to authorize discontinuance of service only where the unauthorized extension is made with the customer's knowledge or on premises within the customer's control. Any other construction would make the rule arbitrary and unreasonable. We are of the opinion, therefore, that Mrs. Anderson's service was wrongfully discontinued.

We now look to the remedy. It is noted that Mrs. Anderson asks only for a mandatory injunction to require the Company to furnish her telephone service. It is admitted, however, that at the time the suit was filed she had the service of a telephone listed in her husband's name, under an application filled out and submitted by her. There is no intimation in the record that Mrs. Anderson needs or desires an additional telephone. Under any theory of the case, the only additional service which the Company could be required to perform for her is to list her name in the telephone directory. But there is no pleading or proof that she ever requested this particular service, and it was developed during the hearing that the Company is willing to furnish this service if it is requested. When these facts were developed we think the court should have dismissed the petition. A court of equity will not enforce an abstract right where no benefit will be derived by the party seeking to exercise the right. 19 Am. Jur., Equity, section 21. Moreover, a court does not look with favor upon litigation unprofitable to the suitors and wasteful of the court's time. Decker v. Decker, 205 Ky. 69, 265 S.W. 483.

We note, however, that it was not pleaded in the Company's answer that Mrs. Anderson had the service of a telephone listed under her husband's name, nor that the Company was willing to furnish her an additional listing for the telephone. The chancellor had no way of knowing these facts until they were developed on a hearing. Conse-

quently, we think the cost of the action should be apportioned one-half against each of the parties.

The judgment is reversed for the entry of a judgment consistent with this opinion.