The CITIZENS TELEPHONE COMPANY,
Inc., Appellant,

v.

Susie Daniel ANDERSON, Appellee.

Court of Appeals of Kentucky.

June 8, 1956.

Stephens L. Blakely, Blakely, Moore & Blakely, John J. O'Hara, Covington, for appellant.

Davies & Hirschfeld, Newport, for appellee.

SIMS, Judge.

Plaintiff below, Susie Daniel Anderson, recovered judgment against The Citizens Telephone Company for $700 damages alleged to have been caused her business by the company's wrongful removal of her telephone, and $300 for attorney's fee she

averred she paid in another action wherein she sought to compel the company to restore her telephone service. The company has moved for an appeal and argues the court erred in failing: 1. To enter a summary judgment for it; 2. to direct a verdict in its favor; 3. to exclude inadmissible evidence as to damages; 4. to properly instruct the jury, and to enter judgment for it non obstante veredicto.

The pertinent facts appear in the former appeal reported in Ky., 269 S.W.2d 283, 284, which was an action wherein appellee sought to have the trial court compel the company to restore her telephone service. That opinion after reciting appellee's telephone service was wrongfully discontinued, contains this statement: "It is admitted, however, that at the time the suit was filed she had the service of a telephone listed in her husband's name, under an application filled out and submitted by her. There is no intimation in the record that Mrs. Anderson needs or desires an additional telephone. * * * When these facts were developed we think the court should have dismissed the petition."

While the first action to have the telephone service restored was pending, appellee instituted the present action wherein she sought to recover $5,000 damages to her business as a seamstress for the unlawful removal of her telephone, and $300 damages for attorney's fee expended in the first suit. The company filed a plea to abate the second action until the final determination of the first one, which plea was sustained. Upon the filing of the mandate of this Court on the first appeal, the trial court dismissed the petition in the first suit; thereupon, the company filed a plea of res adjudicata in the present action and moved for summary judgment, which motion was overruled. The present action was tried upon the record made in the first case, except appellee introduced proof wherein she attempted to establish damages to her business.

■ Without discussing the question of whether or not appellee might in proper circumstances recover the $300 attorney's fee she paid in the first action, it will suffice to say we in effect held the first suit presented a moot question, since her telephone service had been restored before that action was tried. Therefore, it follows appellee cannot recover the $300 fee paid her attorney.

■ The real question presented on this appeal is whether the company's plea of res adjudicata bars the present one. The general rule is well stated in Harris v. Harris, 296 Ky. 41, 176 S.W.2d 98, 99: "The plea of res adjudicata applies not only to the point upon which the Court was required to pronounce judgment, but likewise extends to every point which properly belonged to the subject of litigation in the first suit, and which the parties might have brought forward at that time, even though by failure to exercise reasonable diligence they failed to do so." But there is this limitation on the rule: Where there is a second suit between the same parties upon a different cause of action from that involved in the first action, although both actions may arise out of the same tort or transaction, the first judgment may not successfully be pleaded as res adjudicata in the second action if there has been more than one primary right of plaintiff invaded, or if there has been more than one invasion of a single primary right. McDonald v. Equitable Life Assurance Co. of U. S., 269 Ky. 549, 108 S.W.2d 184; National Bond & Investment Co. v. Withorn, 281 Ky. 318, 136 S.W.2d 40; Prewitt v. Wilborn, 184 Ky. 638, 212 S.W. 442.

■ In the case before us the company's wrongful removal of appellee's telephone gave her two separate and independent causes of action. One was to compel the company to restore her telephone service; the second was an action for damages to her business by reason of the wrongful removal of her telephone. The principle involved here is similar to that decided in Strubbe v. Green, 234 Ky. 384, 28 S.W.2d 471, where it was said one might join in a single action a suit to recover real property along with one to recover rents and profits and damages for withholding the

real property, yet separate actions might be maintained, the first to recover the real property, and a second for rents and profits and damages for the wrongful detention of the real estate.

We do not conceive that the court erred when it refused to hold the first judgment was res adjudicata and barred appellee's cause of action for damages.

However, appellee failed to prove any damages to her business by reason of her telephone being taken out, hence the court should have directed a verdict for nominal damages for one cent, or one dollar, for appellee on the company's motion. Appellee's telephone was removed in October 1947, and was restored on April 9, 1948. When asked to produce records of her earnings for previous years, appellee first answered she did not keep any records. Then she said her daughter had such records and at the court's noon recess, she would get them from her daughter. Instead of getting her records from her daughter, appellee called her daughter on the telephone and obtained from her certain figures which appellee put down on a separate piece of paper and offered it as her earnings for 1945, 1946, and 1947. Of course, such evidence was pure hearsay and not admissible. Also, it was too indefinite to support a verdict for damages, as appellee did not testify as to her receipts and expenses connected with her business, the difference between which might have been some evidence of her loss of profits from her business between October 1947 and April 1948. On the record before us, the most appellee would have been entitled to recover was nominal damages of one cent, or one dollar. Cumberland Telephone & Telegraph Co. v. Hendon, 114 Ky. 501, 71 S.W. 435, 60 L.R.A. 849; see also the recent case of Chesapeake & Potomac Telephone Co. v. Clay, 90 U.S.App.D.C. 206, 194 F.2d 888, 889.

The court erred in not sustaining the company's motion for judgment non obstante veredicto, and in not entering judgment for appellee for one dollar and her cost. CR 50.02 and 50.03; Coca-Cola

Bottling Works of Lexington v. Bingham, Ky., 277 S.W.2d 468. The judgment is reversed and on a return of the case to the trial court, one will be entered for appellee for one dollar.