PERRY v. CAPITAL TRACTION CO. (two cases).

Court of Appeals of District of Columbia.
Submitted April 5, 1929. Decided May 6, 1929.

Nos. 4774, 4775.

Walter B. Guy and Frederic B. Warder, both of Washington, D. C., for appellants.

Frank J. Hogan and Edmund L. Jones, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeals from judgments in the Supreme Court of the District in actions (consolidated for trial) for personal injuries alleged to have been suffered by appellants (plaintiffs below) as the result of a collision between an automobile in which plaintiffs were riding and a street car of the defendant. The automobile was owned and was being operated by Lulu K. Perry.

The jury returned a verdict for plaintiff Frances Perry for $50 and for plaintiff Lulu K. Perry in the sum of $269, she having paid $209 for repairs on her automobile.

According to the bill of exceptions: "The collision threw Lulu K. Perry forward and Frances Perry was thrown upward, striking the back of her head against the permanent top of the automobile, then both plaintiffs settled back. As a result of the collision both plaintiffs suffered a severe impairment of their nervous systems which manifested itself and continued to the time of trial, in the case of Miss Lulu K. Perry, in crying spells, headaches, stammering, sleeplessness, inability to select the proper word in conversation, bad dreams, inability to work a full day as she could prior to the accident, inability to concentrate her thoughts, mental anguish and pains, and the plaintiff, Miss Frances Perry, suffered substantially the same results, in a lesser degree. * * * The plaintiffs called as witnesses, Dr. Roy D. Adams and Dr. John M. Ladd, who testified regarding their treatment of the plaintiffs and said witnesses stated that the impairment to the nervous systems of the plaintiffs was brought about solely by nervous shock or fright caused by the accident, and that the

said nervous condition or impairment of the nervous systems of the plaintiffs was in no way attributable to or caused by any other injuries." A medical witness called by the defendant testified to the same effect.

During the argument on prayers offered by the respective parties, counsel for plaintiffs inquired of the court whether he would "be permitted to comment to the jury on the headaches, nervousness, loss of sleep, tremor, inability to conduct their business, crying fits, and other manifestations that they (plaintiffs) had." The court replied: "As I stated, the right to recover will be limited to damages resulting from physical injuries caused by the accident; and mental pain and suffering incident to such physical injuries, but not any mental pain or suffering caused by shock from the accident, not traceable to the physical injuries." The charge of the court was in accordance with this statement; plaintiffs excepted, and here contend that the charge was not a correct statement of the law.

In Washington & Georgetown R. Co. v. Dashiell, 7 App. D. C. 507, this court, in an opinion by its then Chief Justice, announced the rule which we think applicable to the present cases; the facts in that case not being distinguishable from the facts in these. The court said: "By the first prayer of the plaintiff, which was granted, the jury were instructed that if they found for the plaintiff, then, in estimating the damages, they had a right to take into consideration the evidence, if any, of the pain and suffering undergone by the plaintiff in consequence of her injuries. This was all right enough. But the court went farther, and instructed the jury, 'that *in addition* to damages for the pain and suffering undergone by the plaintiff, they should also assess damages for *any impairment* of the plaintiff's *nervous system,* which they might believe from the evidence she had incurred as a direct result of the *nervous shock* received by her on the occasion of the collision, provided they believed from the evidence she had received such *nervous shock.*' * * * Where a party has suffered physical injury, it seems to be well settled, that mental pain and suffering, attendant upon and as a natural incident of such bodily injury, may be considered as an element in estimating the damages. * * * But in this case the principle was carried much farther than that just stated, by the instruction of the court. The jury were instructed that, *in addition* to damages for pain and suffering, they could award damages for *any impairment* of the plaintiff's *nervous system,* if such

nervous impairment was produced as a direct result of the *nervous shock received by her on the occasion of the collision*. Thus making the nervous shock and the consequences thereof, a separate and independent ground for awarding damages. This is certainly a most indefinite element to be considered by the jury, and one that is most difficult, if not quite impossible, to regulate by any reasonable standard for assessing damages. * * * We are aware that there are some few cases to be found, and some text writers following those cases, in which the principle of the instruction of the court below is apparently sanctioned. But the great weight of authority is against it, and we cannot give our sanction to it."

In Thompson-Starrett Co. v. Warren, 38 App. D. C. 310, the plaintiff had been severely injured through the negligence of the defendant, and there was medical testimony concerning the effects of the physical injuries. The question before the court was whether the trial court had erred in permitting the jury in assessing damages to consider the pain and suffering of the plaintiff. After alluding to the Dashiell Case, the court said: "We are of the opinion that no error was committed. In assessing damages for pain and suffering, mental and physical weakness, and the probable permanent continuation of plaintiff's incapacity to labor, as the direct consequence of physical injuries received, the jury were entitled to hear and weigh all of the evidence relating thereto. This is quite different from charging them to assess damages for impairment of the nervous system as a result of the nervous shock, in addition to the damages for pain and suffering and permanent incapacity."

In the present cases the jury under the instructions of the court were permitted to award damages to the plaintiffs for the physical injuries caused by the collision and for "mental pain and suffering incident to such physical injuries." This was in accord with the ruling in the Dashiell and Warren Cases. Evidently the jury found that the physical injuries were very slight, and consequently that the "mental pain and suffering" incident thereto was negligible. But plaintiffs insist that they should be permitted to recover for alleged impairment of their nervous systems, although "brought about solely by a nervous shock or fright"; in other words, in no way attributable to or caused by any actual physical injuries received.

The reason underlying the rule announced in the Dashiell Case, 34 years ago (a rule supported by the great weight of authority),

is that mere fright is easily simulated and difficult to disprove, and that impairment of the nervous system is of such an intangible character that there is no practical standard by which the extent of the impairment may be determined. Where there has been a substantial physical injury, medical testimony and common knowledge may furnish a guide for measuring the pain and suffering incidental to the injury; but when, as here, there has been no substantial physical injury, a jury ought not to be permitted to indulge in conjecture and speculation as to the effects of alleged nervous shock or fright. There may be exceptional cases justifying a departure from the general rule (compare Green v. Shoemaker & Co., 111 Md. 69, 73 A. 688, 23 L. R. A. [N. S.] 667), but the facts in these cases bring them within that rule.

The judgments are affirmed, with costs. Affirmed.