Ethel D. PARRISH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19493.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 11, 1966.

Decided March 9, 1966.

Mr. Irwin B. Lipman, Washington, D. C., for appellant.

Mr. Robert V. Zener, Attorney, Department of Justice, with whom Asst. Atty. Gen., John W. Douglas and Messrs. David G. Bress, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before BASTIAN, Senior Circuit Judge, BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

On this appeal complaint is made that the District Court, trying this automobile negligence case without a jury, erroneously limited its award of damages for personal injuries to $300. Having first found liability, the court then heard evidence with respect to damages. Its resulting findings were that appellant, while riding in a car driven by her husband, suffered injuries to her right shoulder and lacerations of her left arm when the car collided with another. These were the injuries in respect of which the $300 was allowed.

Appellant had sought to establish in addition, however, that her physical injuries had given rise to a neurotic condition which had eventually rendered her unable to continue in her employment. There was other evidence which suggested that appellant's neurotic ills were not necessarily the result of her physical injuries in the auto accident but could have flowed from other causes.

The District Court made no findings on this point. Instead, it concluded that the law of this jurisdiction was to the effect that only a "substantial" physical injury could be made the occasion for an award of damages in respect of a consequent nervous disorder. Finding the physical injuries involved here not to be substantial in this sense, the court determined as a matter of law that the nervous disorder could under no circumstances be compensable.[1]

---

1. The District Court relied upon two cases, Hamilan Corp. v. O'Neill, 106 U.S.App. D.C. 354, 273 F.2d 89 (1959), and Perry v. Capital Traction Co., 59 App.D.C. 42, 32 F.2d 938, cert. denied, 280 U.S. 577,

50 S.Ct. 31, 74 L.Ed. 627 (1929). In the first case, this court declined to set aside, at the instance of the tort-feasor, a jury award of damages. The evidence adduced by the plaintiff had shown both immedi-

We are not concerned here with a case where no physical injuries of any kind were sustained.[2] The court did in fact make a more than merely nominal award of damages in respect of such injuries. In such a case, we think it undesirable to dispose of the claim by drawing a legal conclusion in terms of what is at best a difficult and shadowy distinction between susbtantial and insubstantial physical injury, instead of finding whether appellant has established by a preponderance of the evidence that her nervous troubles were attributable to the injuries sustained in the accident.

The case is remanded to the District Court for reexamination of its findings in the light of this opinion and for a finding whether appellant's alleged psychiatric disorders are a proximate result of the physical injuries sustained by her in the manner already found by the court. If an affirmative finding is made, the issue of damages is also to be reexamined.

It is so ordered.

ate physical injury and subsequent neurotic disturbances. The jury had in fact been charged in terms of the substantial-insubstantial physical injury dichotomy; and it is hard to see how the tort-feasor, as distinct from the plaintiff, could have complained of this circumstance. It surely is not surprising that this court failed to regard it as necessitating reversal.

It is *Perry*, the older case, which is the source of the District Court's differentiation between degrees of physical injury as determinative of the compensability of resulting nervous disorders. But *Perry* appears not to have involved any serious effort by the plaintiffs to prove physical injuries. The plaintiffs' bill of exceptions on appeal characterized their own medical witnesses as having testified that "the impairment to the nervous systems of the plaintiffs was brought about solely by nervous shock or fright caused by the accident * * * and was in no way attributable to or caused by any other injuries." It is true that the jury verdict, in addition to an apparent allowance of $209 for the auto repair bill, gave $50 to

one plaintiff and $60 to the other, but these are hardly such as to stimulate cross-appeals. This court in *Perry* clearly thought that the claim being pressed on appeal was an insistence by the plaintiffs that, as the court said, "they should be permitted to recover for alleged impairment of their nervous systems, although 'brought about solely by a nervous shock or fright'; in other words, in no way attributable to or caused by any actual physical injuries received."

2. In noting this fact, and in pointing out, note 1 *supra*, that the claim in *Perry*, unlike that here, appears to have been pressed without reference to physical injury, our purpose is only to characterize as dicta what was there said about classifying physical injuries as determinative of liability for permanent bodily harm in the form of a nervous disorder. Since we take this view of *Perry*, there is no need on the facts of this case to reach appellant's contention that *Perry* should be overruled.