**Ethel D. PARRISH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20291.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1967.

Decided Feb. 28, 1967.

Petition for Rehearing **En Banc** and Petition for Rehearing Before the Division Denied April 5, 1967.

---

Mr. Irwin B. Lipman, Washington, D. C., for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Arnold T. Aikens, Asst. U. S. Attys., were on the brief, for appellee.

Before Bastian, Senior Circuit Judge, and Burger and McGowan, Circuit Judges.

## PER CURIAM:

This case, involving damages sustained as the result of an automobile accident, is before us for a second time. It is a Tort Claims Act suit against the Government and, as such, was tried before a judge, without a jury.

On the first appeal, Parrish v. United States, 123 U.S.App.D.C. 149, 357 F.2d 828 (1966), we remanded the case to the District Court.

The record disclosed, in the first appeal, that appellant was awarded damages in the District Court in the sum of $300 for personal injuries sustained. Appellant had sought to establish, in addition to these personal injuries, that her physical injuries had given rise to a neurotic condition which eventually had rendered her unable to continue her employment. There was other evidence which suggested that appellant's neurotic ills were not necessarily the result of the physical injuries sustained from the automobile accident but could have flowed from other causes. The District Court concluded that, under the law of this jurisdiction, only a " 'substantial' physical injury could be made the occasion for an award of damages in respect of a consequent nervous disorder," and found the physical injuries involved not to be substantial. The District Court thereupon determined, as a matter of law, that the neurotic condition could not under any circumstances be compensable. We disagreed and remanded the case to the District Court for reconsideration in the light of our opinion and for a finding whether appellant's alleged psychiatric disorders were a proximate result of the physical injuries sustained. Parrish v. United States, supra. The District Court was directed that, if an affirmative finding was made, the issue of damages was also to be re-examined.

On remand, the parties agreed that the issue so remanded should be resolved on the record on appeal, without the taking of additional testimony, but the District Court did authorize counsel to submit memoranda reviewing the testimony and setting forth the respective claims of the parties hereto. Upon consideration of the entire record and the memoranda submitted, the court found that appellant had failed to establish by a preponderance of the evidence that her psychiatric disorders were the proximate result of the physical injuries sustained by her in the accident, and, accordingly, found it unnecessary to consider the question of damages. This appeal followed.

Bearing in mind the provisions of Fed. R.Civ.P. 52(a) and pertinent decisions of this court applying that rule,[1] having due regard for the opportunity of the trial court to judge the credibility of the witnesses, we are unable to say that the finding of the District Judge was "clearly erroneous." It follows that the judgment of the District Court must be and is

Affirmed.

---

1. See, e. g., Socash v. Addison Crane Co., 120 U.S.App.D.C. 308, 346 F.2d 420 (1965).