**William J. GARBER and John J. Hurley, Appellants,**

v.

**UNITED STATES of America.**

No. 77-1290.

United States Court of Appeals, District of Columbia Circuit.

Argued March 17, 1978.

Decided May 4, 1978.

---

Albert J. Ahern, Jr., Bailey's Cross Roads, Va., was on brief, for appellants.

John Mahoney, Jr., Washington, D. C., also entered an appearance for appellants.

Roanne L. Mann, Atty., for Dept. of Justice, Washington, D. C., with whom Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Ronald R. Glancz, Atty., for Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before SWYGERT,[*] United States Circuit Judge for the Seventh Circuit, and LEVENTHAL and ROBB, Circuit Judges.

Opinion for the Court filed by LEVENTHAL, Circuit Judge.

LEVENTHAL, Circuit Judge:

Plaintiffs are lawyers who were visiting their prisoner clients in the cell block of the United States Court House in the District of Columbia, and were taken hostage by two prisoners who acquired guns while in the cell blocks. Plaintiffs were held from July 11, 1974, until July 14, when they made their escape with the use of a smuggled key. They sued the United States under the Tort Claims Act.[1] They alleged negligence of the United States Marshals in various respects, both prior to and during the takeover of the cell block by the malefactors. They did not claim any physical impact on them, but sued for damages resulting from emotional stress to which they were subjected during the days they were held captive.

The District Court correctly held that the liability of the United States is determined by the law of the place of the tort, and that the law of the District of Columbia precludes recovery for emotional stress resulting from negligence in the absence of physical impact. *Perry v. Capital Traction Co.*, 59 App.D.C. 42, 32 F.2d 938, cert. denied, 280 U.S. 577, 50 S.Ct. 31, 74 L.Ed. 627 (1929); *Parrish v. United States*, 123 U.S.App.D.C. 149, 357 F.2d 828 (1966). The opinion of District Judge Richey reviews the applicable precedents and we are in general accord with that opinion.[2]

---

[*] Sitting by designation pursuant to 28 U.S.C. § 291(a).

1. 28 U.S.C. §§ 1346(b), 2674 (1970).

2. Perhaps we should note a point of difference. Judge Richey observed that under *Perry*, the leading precedent, there is a requirement of substantial physical injury. *See Perry v. Capital Traction Co.*, 59 App.D.C. at 43–44, 32 F.2d at 939–40. But the subsequent opinion in *Parrish*, by a distinguished panel of this court, drops the requirement that the injury be substantial. *Parrish v. United States*, 123 U.S. App.D.C. at 150, 357 F.2d at 829. That opinion was rendered in 1966, prior to the D.C. Court Reform and Criminal Procedure Act of 1970,

Pub.L.No. 91–358, 84 Stat. 473, and stands as an authoritative exposition of the law of the District of Columbia unless and until it is superseded by statute or an opinion of the District of Columbia Court of Appeals.

The District Judge noted that the word "substantial" reappeared in *Gilper v. Kiamesha Concord, Inc.*, 302 A.2d 740, 745 (D.C.App. 1973). Memorandum Opinion at 9. But *Gilper* did not have occasion to consider this doctrine, as did *Parrish*, and it only purported to be restating settled law. It merely borrowed the wording of *Harrison v. Canada Dry Corp.*, 245 A.2d 642, 642 (D.C.App.1968), which in turn quoted from an opinion of then District Judge Spottswood Robinson in *Brown v. Potomac*

Plaintiff does not argue on this appeal that the *Perry-Parrish* rule should be abandoned. Even the many jurisdictions which have abandoned the requirement limiting recovery for mental suffering to cases where that suffering was produced by physical injuries still prohibit recovery for mental suffering when there is no physical injury.[3] As a federal court construing local law, we are not justified, in the absence of some indications from the District of Columbia courts, to state that District of Columbia law permits recovery for negligently inflicted mental suffering in the absence of physical harm.

▇ Plaintiffs take the lesser step of contending that physical impact is not required when the case involves negligence that leads to foreseeable intentional torts by others. Plaintiff in effect seeks an extension of the rule that permits recovery for emotional stress, even in the absence of physical impact, from a tortfeasor who has committed an intentional tort.[4]

This contention, though not as marked a departure from announced prior law, requires the carving of an exception, or the extension of an exception, that represents a considerable innovation, and one that is without support in the decisions of either the District of Columbia courts or other courts that might be looked to as indicators of the trend and growth of the common law. The conclusion remains the same even when the exception is qualified as available only when there is gross negligence, even assuming that such a qualification, as advanced by appellant,[5] is a viable concept.[6]

The doctrine that permits recovery for mental suffering, even without physical injury, in the case of intentional torts, obviously cuts across the considerations that led to the requirement of physical injury for ordinary negligence—such interests as avoiding speculative or fabricated claims; the desire to permit freedom of action unfettered by undue regard for others' sensitivities; and awareness of the wide range of sensibilities that might promote mental suffering in different individuals.

The crosscutting consideration in cases of wilful assault and trespass is rooted in a sense of moral blameworthiness not unlike that underlying the award of exemplary damages, "elements of extreme outrage and moral blame."[7] The courts assess compensatory damages against those who do not take due care in the light of foreseeable trespass by others.[8] But that is not the same, by a good margin, as assigning to such lack of care the moral opprobrium that attaches in cases of wilful assault and trespass. When conduct goes beyond negligence to the point of recklessness, there is a closer approximation to the situation of wilful misconduct,[9] but even that situation is not presented by the case at bar and thus

---

*Electric Power Co.,* 236 F.Supp. 815, 820 (D.D. C.1964). But *Brown* was prior to *Parrish* and is qualified by *Parrish.* Neither *Harrison* nor *Gilper* discuss *Parrish* or purport to reject the *Parrish* ruling.

3. W. Prosser, The Law of Torts § 54, at 328–29 (4th ed. 1971).

4. *E. g., Chesapeake & Potomac Tel. Co. v. Clay,* 90 U.S.App.D.C. 206, 209, 194 F.2d 888, 891 (1952); *Neisner Brothers, Inc. v. Ramos,* 326 A.2d 239 (D.C.App.1974).

5. Allegations of gross negligence, although not in the complaint, were made in the papers filed for summary judgment.

6. Degrees of negligence have not generally been recognized in the District of Columbia. *E. g., Early Settlers Insurance Co. v. Schweid,* 221 A.2d 920, 923 (D.C.App.1966). "The prevailing

view is that there are no "degrees" of care or negligence, as a matter of law; there are only different amounts of care as a matter of fact. . . . ." W. Prosser, *supra* note 3, § 34, at 182.

7. W. Prosser, *supra* note 3, § 54, at 329.

8. *See, e. g., Hicks v. United States,* 167 U.S. App.D.C. 169, 182–83, 511 F.2d 407, 420–21 (1975).

9. *See United States v. Dixon,* 135 U.S.App.D.C. 401, 403–07, 419 F.2d 288, 290–94 (1969) (Leventhal, J., concurring) (analyzes recklessness as an element of manslaughter and as the "wanton disregard of human life" found in the definition of murder; recklessness implies an "awareness" of risk that may, however, be inferred from extremely dangerous conduct).

we have no occasion to consider the question.

*Affirmed.*

ROBB, Circuit Judge, concurring:

I regard *Perry v. Capital Traction Co.,* 59 App.D.C. 42, 32 F.2d 938, *cert. denied,* 280 U.S. 577, 50 S.Ct. 31, 74 L.Ed. 627 (1929), and *Parrish v. United States,* 123 U.S.App. D.C. 149, 357 F.2d 828 (1966), as controlling in this case. Accordingly I concur in the affirmance of the judgment entered in the District Court.