William FRANZ, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 81–0173.

United States District Court, District of Columbia.

Oct. 27, 1981.

Leonard F. Walentynowicz, Washington, D. C., Joseph M. Guerra, III, Martoche & Martoche, Buffalo, N. Y., for plaintiffs.

Jason D. Kogan, Asst. U. S. Atty., Washington, D. C., for defendants.

## ORDER OF DISMISSAL

BARRINGTON D. PARKER, District Judge.

William Franz, a resident and citizen of Pennsylvania, filed this action on behalf of himself and three minor children born during his marriage to Catherine Mary Franz Allen, from whom he is now divorced. Named as defendants are the United States of America, the Department of Justice, the Marshals Service, together with the Attorney General of the United States [*] and the Director of the Marshals Service. The last two are sued in both their individual and official capacities.

Franz seeks declaratory and injunctive relief as well as money damages arising from alleged constitutional violations by the defendants in connection with and stemming from the defendants' actions leading to the entry of his children into the Federal Witness Protection Program (Program).[**] The children entered the Program with their mother when she remarried and her new husband received protection and security from the Marshals Service because of his cooperation in the prosecution of an organized crime proceeding. The government has moved to dismiss this case on jurisdictional and substantive grounds. For the reasons discussed below the Court concludes that dismissal of the complaint is warranted.

### Background

During their eight years of marriage, the plaintiff and Catherine Mary Franz, his former wife, were the parents of three children. In 1976 the couple was divorced in Pennsylvania. Plaintiff was granted visitation rights but permanent custody of the children was awarded to Catherine their mother. She later married Charles Allen who, because of his assistance to law enforcement authorities and possible danger to his life, became a participant in the Witness Protection Program. The children and their mother resided in Pennsylvania when they entered the Program. Allen and his newly acquired family were assigned completely new identities and relocated to an area unknown to William Franz. Since then he has had no contact with his children. Prior to their involvement in the Program plaintiff Franz had exercised his visitation privileges.

The Franz complaint asserts jurisdiction under 28 U.S.C. § 1331 (federal question) and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* He claims that his and the childrens' constitutional rights were violated; that the relocation deprived him of the opportunity to raise the children and deprived them of their rights of visitation by him; that the defendants' actions caused him emotional distress and that the childrens' relocation violated their rights to privacy, causing them emotional distress; and that the defendants acted arbitrarily and capriciously in violation of Title V of the Organized Crime Control Act of 1970.

### Analysis

Defendants have moved to dismiss this proceeding under Rule 12, Fed.R.Civ.P., on several grounds: that venue is improper in the District of Columbia; that the Court lacks subject matter jurisdiction; that no personal jurisdiction exists as to the defendants in their individual capacities; that service of process on the individual defendants was insufficient; and finally, that the complaint fails to state a claim upon which relief can be granted.

### A.

The plaintiff's cause of action presents serious procedural problems both as to venue and jurisdiction. Title 28 U.S.C. § 1402 provides that a claim against the United

---

[*] Both Benjamin Civiletti, former Attorney General and William French Smith, the incumbent, are named defendants.

[**] The Federal Witness Protection Program was established pursuant to Title V of the Organized Crime Control Act of 1970, sections 501–504, Pub.L. No. 91–452 (84 Stat. 933) (1970).

States under the Federal Tort Claims Act may be brought "only in the judicial district where the plaintiff resides or wherein the act or commission complained of occurred." The plaintiff resides in Pennsylvania and none of the events about which he complains took place in this jurisdiction. The Marshals Service is headquartered in McLean, Virginia where the Witness Protection Program is administered. Franz alleges in his amended complaint that the acts of the defendants violated Pennsylvania law, thus exposing them and the United States to liability under the Tort Claims Act. Under that statute liability of the United States is governed by the law of the jurisdiction where the tort occurred. *Garber v. United States*, 578 F.2d 414, 415 (D.C.Cir.1978). Aside from those problems, however, is the improper and insufficient service of process on the named defendants and thus the lack of personal jurisdiction over them by the Court.

### B.

As to the merits of plaintiff's claim, it is noted that in certain instances, due process considerations impose limits upon the government's authority to pursue a course of action which significantly disrupts the parent-child relationship. In *Quilloin v. Wolcott*, 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511 (1978), the Supreme Court noted:

> We have little doubt that the Due Process Clause would be offended "[i]f a state were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest."

(quoting *Smith v. Organization of Foster Families*, 431 U.S. 816, 862–63, 97 S.Ct. 2094, 2119, 53 L.Ed.2d 14 (1977) (Stewart, J., concurring)). Under this due process rationale, for example, the Court has imposed the preconditions of notice and a hearing upon the subsequent adoption of a divorced father's child. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1964).

However, the Court of Appeals for the Second Circuit, in a matter involving the Witness Protection Program and faced with facts strikingly similar to those presented here, held that due process considerations do not extend such protection to the deprivation of visitation privileges previously accorded a divorced father whose former wife had been awarded permanent custody. *Leonhard v. United States*, 633 F.2d 599 (2d Cir. 1980) (*Leonhard II*), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). The plaintiff sued on behalf of himself and his children to obtain damages suffered when the children, whose custody had been awarded to his former wife, were relocated pursuant to the Program.

While the court upheld a lower court determination that Leonhard's claims were time-barred, it also stated with regard to the claims on behalf of the children, that since he was not their custodian, "he had no right to recover for injuries they may have suffered." 633 F.2d at 614 n.19 (citing Restatement (Second) of Torts § 703, Comment e). The gravamen of the decision was the prior custody award to the mother and the fact that the rupture of the initial family unit stemmed from the couple's decision to seek a divorce rather than the implementation of the Witness Protection Program. The court also stressed that the officials were merely fulfilling their law enforcement function by providing protection to important witnesses. Weighing the visitation privilege against the risk to the children's safety convinced the court that the mother—the custodial parent entrusted with the care, health and safety of the children—had soundly consented to the Witness program arrangement. 633 F.2d at 619. Moreover, the appellate court acknowledged, absent any showing to the contrary, it is to be presumed that the custodial parent is properly concerned for the welfare of the children in such instances. *Id.* (citing *Parham v. J. R.*, 442 U.S. 584, 602–03, 99 S.Ct. 2493, 2504–05, 61 L.Ed.2d 101 (1979)). And, the court concluded, "[t]he fact that the decision was made by only one parent rather than both is of no legal consequence

since custody resided solely with the consenting parent." *Id.* (citing *Parham v. J. R., supra* at 589, 99 S.Ct. at 2497).

While the final result appears harsh and brushes aside the natural father's interests, the *Leonhard II* rationale is appropriate to support a determination that Franz has failed to state a claim upon which relief can be granted. Accordingly, it is this 27th day of October, 1981

ORDERED that defendant's motion to dismiss is granted. Judgment is entered for the defendant and the complaint is dismissed with prejudice.