**Michael T. ALBRIGHT, et al., Plaintiffs,**

**v.**

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 78–0397.

United States District Court, District of Columbia.

Dec. 1, 1982.

Ronald L. Plesser, Edward G. Modell, Washington, D.C., for plaintiffs.

Raphael O. Gomez, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for Government.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHARLES R. RICHEY, District Judge.

Plaintiffs brought this action under the Privacy Act of 1974, 5 U.S.C. § 552a. They alleged that defendants violated subsection (e)(7) of the Privacy Act, 5 U.S.C. § 552a(e)(7) (1976), by videotaping a meeting held for analysts with the Bureau of Hearings and Appeals of the Social Security Administration, United States Department of Health and Human Services,[1] and attended by analysts, supervisors and union officials. On February 14, 1979, this Court granted defendants' motion for summary judgment holding, *inter alia,* that there was no violation of the Privacy Act since the videotape was not placed in a system of records within the agency.

On July 17, 1980, the Court of Appeals reversed this Court's decision, holding that Section (e)(7) of the Privacy Act does apply because the videotape was a record of the exercise of First Amendment rights and therefore its creation came within the terms of the Privacy Act. *Albright v. United States,* 631 F.2d 915 (D.C.Cir.1980). The Court remanded for a determination as to whether plaintiffs could prevail on their claim under the Act, and set forth three findings that had to be made in plaintiffs' favor in order for them to prevail: (1) whether plaintiffs were depicted by voice or picture on the videotape; (2) whether plaintiffs could establish that the Court had jurisdiction by demonstrating that the "making of this record had an adverse effect on them as required by Subsection (g)(1)(D) of the Act;" and (3) whether plaintiffs could

1. HHS was formerly designated the Department of Health, Education and Welfare, 20 U.S. C.A. § 3508 (Supp.1982).

establish entitlement to a damages remedy by establishing that "the agency acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4). 631 F.2d at 921. The Court of Appeals stated that, as to the damages remedy, the defendants had stated three contentions which, if found to be true, raised "serious doubts as to whether the agency action was a willful and intentional violation of the Act which would justify the assessment of damages." *Id.* These were that: (1) the agency made the videotape in order to preserve a record for other affected analysts who would not be able to attend the meeting; (2) the idea to record the meeting originated from an analyst; (3) the agency volunteered to destroy the videotape when it became aware that analysts objected to it, but that plaintiffs' union refused the offer. *Id.*

On October 28, 29 and November 1, 1982, an evidentiary hearing was held before the Court on these issues. At the conclusion of plaintiffs' case, the government moved for an involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the ground that upon the facts and the law plaintiffs had demonstrated no right to relief. After hearing full argument of counsel for the parties and reviewing the entire testimony and evidence presented by plaintiffs, this Court granted the government's motion to dismiss. The Court now enters the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

1. Plaintiffs, Michael T. Albright, Tiiu A. Anniko, Rae Balest Chamberlain, Earnest Baskerville, Michael E. Bryant, George C. Condern, Devarieste Curry, Melvin F. Daniels, John D. DiLillo, Donald Gregory, Judy A. Gregory, Dolly A. Marshall, John A. Martone, Yvonne P. Porter, Tommie L. Smith, Glenda Walker, and Anna Wong, are present or former Hearings and Appeals Analysts at the Arlington, Virginia Office of the Bureau of Hearings and Appeals (BHA), Social Security Administration (SSA), United States Department of Health and Human Services (HHS).

2. The defendants are the United States of America and the following persons, who are sued in their official capacities:

(a) Richard D. Schweiker, successor to Joseph Califano, an original defendant as Secretary of HHS;

(b) John A. Svahn, as Commissioner of the Social Security Administration;

(c) Louis Hayes, as the Director of BHA;

(d) Orlando MacGruder, as the Assistant Bureau Director (Office of Management Systems), Division of Administration, BHA;

(e) Hinda Silver, as the Personnel Officer of BHA.[2]

3. In the summer of 1977, BHA made a preliminary determination to reclassify GS–13 BHA analyst positions to a GS–12 level.

4. In July, 1977, BHA temporarily withheld promotions of BHA analysts from GS–12 to GS–13 levels. By September, 1977, twenty-four promotions had been recommended and withheld.

5. On September 9, 1977, Mr. Makoff who was then the Personnel Director of BHA, met with the union representatives of the BHA analysts to inform them that Mr. Robert L. Trachtenberg, Director of BHA, had affirmed the determination to reclassify the BHA GS–13 analyst positions to GS–12 and had imposed a moratorium on all such promotions to GS–13.

6. At the request of union representatives, Mr. Makoff scheduled and held a meeting on September 23, 1977 with BHA analysts to discuss the reasons for the reclassification decision and the moratorium on promotions to GS–13 which had been imposed.

7. Prior to the September 23rd meeting, several affected analysts contacted Mr. Robert Silliman, a BHA Labor Relations

2. When suit was filed, it named the individuals who then occupied these posts. Pursuant to Rule 25(d) of the Fed.R.Civ.P., when a public official is sued in his official capacity, his successor in office is automatically substituted as a party.

official to request that the meeting be rescheduled because they could not attend the meeting. One such analyst, Ms. Vivienne Evans, requested that a representative attend in her place, and that the representative be permitted to "tape cassette" the meeting. Mr. Silliman informed Mr. Makoff's office of Ms. Evans' call and other similar requests he received.

8. Mr. Makoff arranged for the meeting to be videotaped. Testimony of plaintiffs and Robert Silliman.

9. Approximately forty BHA analysts, four of the five immediate BHA supervisors, other management personnel, the union president and other union representatives attended the September 23rd meeting. No restriction was placed on who could attend the meeting.

10. The videotape camera was sitting on a large tripod located near the back of the room and was or should have been conspicuous to all who entered.

11. Several analysts and others situated in the back of the room including several of the plaintiffs observed the camera and the television monitor at the commencement of the meeting.

12. The meeting, which was videotaped, lasted approximately forty-five minutes.

13. Three plaintiffs, Melvin Daniels, Donald Gregory and John Martone, are not depicted either by voice or by picture on the videotape. All other plaintiffs depicted visually and/or orally on the videotape.

14. Three plaintiffs, Rae Balest Chamberlain, George Condern and Dolly A. Marshall, sustained no adverse effect as a result of the videotaping. To the extent that any of these three plaintiffs testified as to any effect, the allegations were of some form of emotional distress without any out-of-pocket loss or physical injury. No credible evidence was adduced demonstrating that any of these effects were the result of the videotape.

15. Plaintiffs Tiiu A. Anniko, Earnest Baskerville, Michael E. Bryant, Devarieste Curry, John D. DiLillo, Judy A. Gregory, Yvonne P. Porter, Tommie L. Smith, and Glenda Walker each stated that the only adverse effect that they suffered as a result of the videotaping consisted of some form of emotional trauma, anger, fright or fear that they might be identified as malcontents within BHA. None of these plaintiffs provided credible evidence that the adverse effects they alleged were the result of the videotaping.

16. No physician testified as to any effect or injury alleged by any plaintiff. Nor did any of the plaintiffs introduce any medical testimony which demonstrated that any alleged injury or harm was the result of the videotaping. Testimony of plaintiffs.

17. Two plaintiffs, Michael Albright and Anna Wong, claimed out-of-pocket expenses for exacerbation of pre-existing medical conditions. Michael Albright claimed that his pre-existing neurological problems were exacerbated and Anna Wong claimed that her allergy condition was exacerbated. Neither provided any credible evidence that the videotaping caused the exacerbation of an existing illness. No physician testified on behalf of either plaintiff that there was an exacerbation of their pre-existing condition as a result of the videotaping. Neither plaintiff offered credible evidence of any out-of-pocket expenses as a result of the videotaping nor did they offer other evidence to sustain their burden of proof in this regard.

18. No plaintiff suffered any physical injury as a result of the videotaping.

19. No plaintiff introduced any credible evidence establishing actual damages or out-of-pocket losses directly attributable to the videotaping and all admitted as much.

20. The Court finds that the agency did not act in a manner which was "intentional" or "willful." The agency made the videotape so that other analysts who were unable to attend could see what happened at the meeting. The idea to record the meeting actually came from an analyst.

21. BHA offered to destroy the videotape when it became aware that some of the analysts were "upset" that it had been made.

22. The analysts' union, which was their duly authorized representative, refused the offer because it wanted to preserve a record of the videotape. The union sought to preserve the videotape because of the dispute between the parties and as evidence for any future legal action.

23. Moreover, the plaintiffs who saw the videotape equipment could have left the room at any time had they desired.

## CONCLUSIONS OF LAW

1. The jurisdiction of the Court is conferred under the Privacy Act of 1974, Title 5, United States Code § 552a(g)(1)(D) and Title 28, United States Code § 1331(a).

■ 2. In considering a Rule 41(b) motion pursuant to the Federal Rules of Civil Procedure at the close of plaintiffs' case-in-chief, the Court, in a non-jury case, is not required to draw inferences in the plaintiffs favor at this stage of a case such as this or even concern itself with whether the plaintiffs have made out a prima facie case notwithstanding some dicta in some related fields, Wright & Miller, Federal Practice and Procedure. Civil § 2371, at 224–225. *See also Woods v. North American Rockwell Corporation,* 480 F.2d 644, 645–646 (10th Cir.1973); *Ellis v. Carter,* 328 F.2d 573, 577 (9th Cir.1964). Rather, the court is required to weigh all the evidence, resolve any conflicts and, to decide itself where the preponderance lies. *Id.* Accordingly, the Court hereby grants the defendants' Rule 41(b) Motion.

3. The only remedy in an action such as this under subsection (g)(1)(D) of the Act, 5 U.S.C. § 552a(g)(1)(D), is the damages provision set forth in subsection (g)(4)(A), 5 U.S.C. § 552a(g)(4)(A), which permits recovery only for "actual damages sustained by the individual ... but in no case shall a person entitled to receive less than the sum of $1,000." 5 U.S.C. § 552a(g)(4)(A).

■ 4. Actual damages under the Privacy Act are limited to "out-of-pocket" expenses and do not include damages for emotional trauma, anger, fright or fear. *Houston v. United States Department of Trea-*

*sury,* 494 F.Supp. 24, 29–30 (D.D.C.1979). *See also Garber v. United States,* 578 F.2d 414, 415 (D.C.Cir.1978); *Morgan v. District of Columbia,* 449 A.2d 1102, 1115 n. 20 (D.C. App.1982); *District of Columbia v. Smith,* 436 A.2d 1294, 1296 (D.C.App.1981).

5. Accordingly, no plaintiff can recover any damages for emotional trauma, anger, fright, fear or similar emotions without a showing of out-of-pocket loss.

6. Plaintiffs, Melvin Daniels, Donald Gregory, and John Martone are not depicted on the videotape. Accordingly, they have failed to establish that any record of their exercise of a First Amendment right, as covered by subsection (e)(7) of the Privacy Act, 5 U.S.C. § 552a(e)(7) (1976), was maintained and their claims are dismissed, with prejudice.

■ 7. Plaintiffs, Rae Balest Chamberlain, George Condern and Dolly A. Marshall are depicted visually and/or orally but have not demonstrated any adverse effect as required by subsection (g)(1)(D) of the Privacy Act, 5 U.S.C. § 552(g)(1)(D). Accordingly, their claims are dismissed, with prejudice.

8. Plaintiffs, Tiiu Anniko, Earnest Baskerville, Devarieste Curry, John DiLillo, Judy Gregory, Yvonne Porter, Tommie Smith, and Glenda Walker are depicted orally or visually on the videotape, but they have failed to establish any adverse effect as required by subsection (g)(1)(D) of the Privacy Act, 5 U.S.C. § 552a(g)(1)(D) (1976). The Court finds that these plaintiffs have no out-of-pocket expenses and suffered no physical injury and thus are dismissed, with prejudice.

■ 9. As for any damages for out-of-pocket expenses for exacerbation of pre-existing medical conditions claimed by Michael Albright and Anna Wong, the Court concludes that the evidence fails to show any out-of-pocket expenses or physical injury directly attributable to the videotaping. Neither plaintiff suffered any exacerbation of any pre-existing condition, suffered any physical injury or suffered any out-of-pocket loss attributable to the videotaping.

 

Consequently, neither plaintiff has established a right to recover any damages pursuant to subsections (g)(1)(D) and (g)(4)(A) of the Privacy Act. 5 U.S.C. §§ 552a(g)(1)(D) and (g)(4)(A).

10. The Court finds that to the extent that plaintiffs Michael Albright and Anna Wong have suffered anger and emotional distress which they contend is attributable to the videotaping, both plaintiffs have failed to establish an adverse effect as required by subsection (g)(1)(D) of the Act to vest jurisdiction in this Court. Accordingly, their claims are dismissed, with prejudice. *See Albright,* 631 F.2d at 921.

11. Assuming, *arguendo,* that any plaintiffs suffered emotional distress which may be attributable to the videotaping, the Court finds that no plaintiff incurred a physical injury. Accordingly, regardless of whether plaintiffs incurred out-of-pocket losses, under the law of the District of Columbia, damages for emotional distress resulting from negligence is precluded in the absence of substantial physical injury. *Garber v. United States,* 578 F.2d 414, 415 (D.C.Cir.1978); *District of Columbia v. Smith,* 436 A.2d 1294, 1296 (D.C.App.1981).

12. Further, the Court has found that the idea to record the meeting actually came from an affected analyst who could not attend. BHA decided to make this videotaped recording for analysts who could not attend the meeting, and BHA offered to destroy the videotape when it became aware that the analysts were "upset" that it had been made but the analysts' union refused the offer. Thus, the Court concludes that plaintiffs have failed to establish that the agency acted in a manner which was intentional or willful as required by 5 U.S.C. § 552a(g)(4). *Albright,* 621 F.2d at 921 (D.C.Cir.1980); *Bruce v. United States,* 621 F.2d 914, 917 (8th Cir.1980).

13. Accordingly, the Court concludes that there has been no violation of the Privacy Act, 5 U.S.C. § 552a.

14. In accordance with the offer previously made by defendants this Court directs that the videotape at issue and any copies thereof be destroyed following exhaustion of all appellate remedies in this case.

15. Any finding of fact deemed to be conclusion of law herein is adopted as such. Conversely, any conclusion of law deemed to be a finding of fact herein is also adopted as such.

## CONCLUSION

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, judgment by separate order of this date is to be entered for the defendants and the action is to be dismissed, with prejudice. Costs shall be awarded in favor of the defendants and against the plaintiffs who brought this case.