Wilbur **SAUNDERS** and Hilda Saunders, Plaintiffs,

v.

**AIR FLORIDA, INC.,** Defendant.

Civ. A. No. 83–0058.

United States District Court, District of Columbia.

March 10, 1983.

Daniel W. Johnson, Berglund & Johnson, Van Nuys, Cal., Richard G. Gay, Gammon & Grange, Washington, D.C., for plaintiffs.

George N. Tompkins, Condon & Forsyth, New York City, Moffett B. Roller, Cynthia Larson, Condon & Forsyth, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court upon the motion of defendant, Air Florida, Inc., to dismiss the complaint. This is an action for the wrongful death of a victim of the airplane crash in Washington, D.C. on January 13, 1982; the decedent was in his automobile on the 14th Street Bridge over the Potomac River in the District of Columbia when the airplane struck his car and killed him. The victim's parents, residents of the State of California, bring this action on his behalf pursuant to the District of Columbia wrongful death statute, D.C.Code § 16–2701. The decedent's father also asserts a cause of action for emotional shock he alleges he sustained when he "witnessed the injuries sustained by his son, 1st Lt. Michael Dean Saunders, via television communications." Plaintiffs characterize the second claim as one for negligent infliction of emotional distress and assert that it states a cause of action under either the law of the District of Columbia or the law of California.

Air Florida, in seeking dismissal of the first count, asserts that plaintiffs lack capacity to bring a wrongful death action under the law of the District of Columbia in that neither of them is the victim's personal representative. Section 16–2702 of the District of Columbia Code provides that a wrongful death action may be brought only by a personal representative of the defendant. Air Florida also argues that plaintiffs furthermore lack capacity to bring a survival action pursuant to D.C.Code § 12–101, which requires that the person bringing the action be the "legal representative of the deceased." At the minimum, Air Florida argues, a person must be a heir-at-law before he can be a legal representative, and neither plaintiff is a heir of the decedent under District of Columbia or California law. Finally Air Florida argues that damages are not available under either District of Columbia or California law to the victim's father for the emotional distress alleged. For the reasons which follow, the Court holds that neither count states a claim upon which relief may be granted, and dismiss the complaint in its entirety with prejudice.

### I. The Wrongful Death Claim

In their complaint plaintiffs seek an award of compensatory damages "under the appropriate survival and wrongful

death act statutes." No reference to any particular statute is made in the complaint. In their response to Air Florida's motion to dismiss, however, plaintiffs argue only as to the wrongful death claim, and cite D.C. Code § 16–2701 as the basis for that claim. Evidently plaintiffs have conceded their survival act claim, although the Court nonetheless examines, below, whether plaintiffs may state such a cause of action.

Section 16–2702 of the District of Columbia Code provides that an action pursuant to D.C.Code § 16–2701 "shall be brought by and in the name of the personal representative of the deceased person." The term "personal representative" as used in this section is limited to officially appointed executors and administrators. *Strother v. District of Columbia,* 372 A.2d 1291, 1296 n. 7 (D.C.1977). Neither plaintiff qualifies as the decedent's personal representative. The decedent's widow, Susan A. Saunders, is the duly appointed personal representative of his estate. *See Susan A. Saunders v. Air Florida, Inc.,* Civil Action No. 82–1049 (D.D.C., filed Apr. 15, 1982). Her action has been settled and dismissed. Consequently, neither plaintiff in the instant action may bring a wrongful death action on behalf of the decedent.

Nor do plaintiffs state a claim under the District of Columbia survival act, D.C.Code § 12–101. That statute provides that a cause of action that decedent would have had had he lived survives him in favor of his legal representative. If a decedent has left heirs-at-law, his legal representative shall be one of them. *Strother v. District of Columbia,* 372 A.2d at 1295–96 and 1296 n. 6. As decedent left a widow and three children (*see* Amended Complaint, *Susan A. Saunders v. Air Florida Inc.,* Civil Action No. 82–1049), his parents are not heirs of his under District of Columbia or California Law. *See* D.C.Code §§ 19–303, –305, –306; Cal.Prob.Code § 221. Moreover, as plaintiffs claim only damages suffered by them rather than losses of the decedent, they do not allege damages which are the proper subject of a survival action. D.C.Code § 12–101. Accordingly, plaintiffs' survival claim, as well as their wrongful death claim, shall be dismissed.

## II. The Emotional Shock Claim

In this count, the male plaintiff asserts that he "was in close proximity to the hereinabove described incident and personally witnessed the injuries sustained by his son, 1st Lt. Michael Dean Saunders, via television communications." Complaint, ¶ 11. As a result, plaintiff alleges, he "sustained great emotional disturbance, shock, and injury to his nervous system which has caused, continued to cause, and will cause him great physical and mental pain and suffering in an amount to be proven at trial pursuant to rules of Court." *Id.* He also seeks damages in an indeterminate amount for costs of medical treatment and incidental expenses. *Id.* at ¶ 12.

### A. District of Columbia Law

Under the District of Columbia wrongful death act, the proper recovery is the amount of financial loss suffered by the spouse and next of kin as a result of the decedent's death. *Runyon v. District of Columbia,* 463 F.2d 1319, 1322 (D.C.Cir. 1972). There is no provision for the recovery by the decedent's survivors for mental suffering, grief, or anguish. *Id.* Plaintiff, however, argues that *Runyon* is inapplicable in that he has alleged a cause of action for negligent infliction of emotional distress "separate and distinct" from the statutory wrongful death claim.

None of the cases cited by plaintiff supports the proposition that under the law of the District of Columbia a person may state a cause of action for grief or emotional distress arising from watching the commission of an injury-causing negligent act against a third party. *Parrish v. United States,* 357 F.2d 828 (D.C.Cir.1966), involved a claim for emotional distress by a victim of an automobile accident who had sustained physical injuries as a result therefrom, against the party who was alleged to have negligently caused the accident. It was not a case involving one person's grief about another's injuries. *Rothenberg v. Aero Mayflower Transit Co.,* 495 F.Supp. 399 (D.C.Cir.1980), cited by plaintiff, was a case in which the court denied a claim for *punitive damages.* As such, this was not an

action for negligent conduct, but for *intentional* or *reckless* infliction of emotional distress. 495 F.Supp. at 407. Finally, neither did *Waldon v. Covington,* 415 A.2d 1070 (D.C.1980) concern a claim for emotional distress arising from another's injuries. That was, *inter alia,* a survival action for intentional infliction of emotional distress against the plaintiff's deceased husband. 415 A.2d at 1075 n. 17, 1076, 1078 n. 24.

While plaintiff correctly notes that under *Parrish* the physical injury attendant to emotional distress need not be substantial in order for the emotional harm to be actionable, there must be *some* physical injury. *Garber v. United States,* 578 F.2d 414, 416 (D.C.Cir.1978). However, plaintiff's allegations of physical injury are too tenuous to meet the requirements of *Parrish.* Moreover, where a cause of action for emotional distress has been allowed in the District of Columbia, it is the emotional distress which arises from the physical injury-causing impact, rather than the physical injury which arises from the emotional harm. Accordingly, there is no cause of action in the District of Columbia for negligent infliction of emotional shock occurring as the result of watching another's injury, even if such grief ultimately manifests itself physically in the plaintiff. The harm alleged by plaintiff is too unforeseeable for him to be able to state a claim against Air Florida.

### B. California Law

■ California law provides an extremely limited exception to its general rule that no recovery may be had for emotional distress arising from the death of another. In *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), a mother sued a motorist for emotional shock arising from her having watched the defendant negligently run into her daughter, killing her. In reversing the trial court's judgment on the pleadings for the defendant on this issue, the California Supreme Court listed three factors for a court to consider in determining whether the harm was reasonably foreseeable rather than remote and unexpected: whether the plaintiff and the victim were closely related, whether the plaintiff was present at the scene of the accident as contrasted to one who was a distance away from it, and "[w]hether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." 69 Cal.Rptr. at 79–80, 441 P.2d at 919–920. "The evaluation of these factors," the court stated, "will indicate the degree of the defendant's foreseeability ...." *Id.* 69 Cal. Rptr. at 80–81, 441 P.2d at 920–921. (Emphasis in original deleted.) The court went on to explain:

... the degree of foreseeability of the third party's injury is far greater in the case of his contemporaneous observance of the accident than that in which he subsequently learns of it. The defendant is more likely to foresee that shock to the nearby, witnessing mother will cause physical harm than to anticipate that someone distant from the accident will suffer more than a temporary emotional reaction.

*Id.* at 81, 441 P.2d at 921. The court then noted that in considering these elements, the determination of whether harm is reasonably foreseeable, being "intimately tied into the facts, depends upon each case." *Id.*

Since the decision in *Dillon v. Legg,* the California courts have had numerous opportunities to consider the application of the rule of that case to different factual premises. The California Supreme Court reviewed a number of those decisions construing *Dillon v. Legg* in *Justus v. Atchison,* 19 Cal.3d 564, 139 Cal.Rptr. 97, 565 P.2d 122 (1977). *Justus v. Atchison* was an action for wrongful death and medical malpractice on behalf of a stillborn fetus and for emotional shock to the father under the rule of *Dillon v. Legg.* The court upheld the dismissal of the wrongful death count since a fetus was not a "person" within the meaning of the California wrongful death statute. The dismissal of the claim for emotional shock was also upheld.

The allegations as to the first count essentially were that the defendants were negligent in the provision of obstetrical and surgical care in the delivery of the fetus and such negligence proximately caused its

death. In the second count, the father of the unborn child alleged that he, while present in the delivery room, witnessed "certain disturbing developments, including expressions of concern by the medical staff and use of emergency procedures." 139 Cal.Rptr. at 111, 565 P.2d at 137. Yet not until he was informed of the fetus's death by the doctor did his anxiety develop into the resultant disabling shock; until that moment he was a mere "passive spectator" who had no way of knowing that the fetus had died. *Id.* In view of this, the court stated that "a shock caused by 'learning of the accident from others after its occurrence' [citations omitted] will not support a cause of action under *Dillon.*" *Id.,* quoting *Dillon v. Legg,* 69 Cal.Rptr. at 80, 441 P.2d at 920 (other citations omitted).

In the matter at hand there can be no doubt that the plaintiff does not satisfy the *Dillon v. Legg* inquiry. He certainly was more distant, both spatially and temporally, from injury to the decedent than the plaintiff in *Justus v. Atchison* was from the death there. Inasmuch as plaintiff concedes that he perceived the accident "via television communications," he cannot be said to have watched the accident take place as it happened. He does not allege that the television scenes he watched contained actual transmissions of the crash of Flight 90—indeed, were it necessary (which it is not), the Court might well be able to take judicial notice of the fact that television crews were not filming the 14th Street Bridge scene at the instant of the crash but only arrived sometime thereafter. Moreover, even had he been able to see contemporaneous transmissions of the accident it is highly doubtful that he would have been able to discern before the fact that a particular car on the bridge about to be hit contained the decedent. As such, at that point he would have to have been a mere "passive spectator" like the plaintiff in *Justus v. Atchison.* Perception of the injury and shock contemporaneous with the injury is necessary to state a claim under *Dillon v. Legg. See Arauz v. Gerhardt,* 68 Cal. App.3d 937, 137 Cal.Rptr. 619, 627 (1977) (child injured by auto but mother did not arrive at scene until some minutes later and

therefore had no "sensory perception of the impact"; no cause of action); *Powers v. Sissoev,* 39 Cal.App.3d 865, 114 Cal.Rptr. 868, 874 (1974) (facts similar to those in *Arauz v. Gerhardt* ).

*Archibald v. Braverman,* 275 Cal.App.2d 253, 79 Cal.Rptr. 723 (1969), cited by plaintiff, is distinguishable even on a mere reading of the portion of that opinion quoted by plaintiff in his opposition to Air Florida's motion. In that case, the Court of Appeal of California found a *Dillon v. Legg* cause of action in a case in which the plaintiff arrived at the scene to find her bleeding and maimed child moments after he was seriously injured in an explosion. The court, in the passage quoted by plaintiff, stated that "the shock of seeing a child severely injured immediately after the tortious event may be just as profound as that experienced in witnessing the accident itself." 79 Cal.Rptr. at 725. Yet, nothing in the allegations of the complaint suggests that the plaintiff saw the decedent "severely injured immediately after the tortious event." Instead, he merely saw televised scenes of the accident, or, more probably, its aftermath. Plaintiff also cited *Molien v. Kaiser Foundation Hospitals,* 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980) for the proposition that the harm allegedly suffered by him should be considered foreseeable. Yet, as plaintiff himself states in his opposition, "In *Molien,* . . . the plaintiff was himself a direct victim of the negligent tortious act, rather than a percipient witness to the injury of a third party." Plaintiff's Opposition, at 6. In the instant case plaintiff was not present on the bridge nor aboard Flight 90 at the time of the accident, and did not sustain injury as a direct result of the plane's impact; accordingly, *Molien* is distinguishable. Moreover, the statement made by plaintiff is derived from language in *Molien* used by the court to explain why that case was not an action under the *Dillon v. Legg* rule. 167 Cal. Rptr. at 834, 616 P.2d at 816. In that case the defendant was charged with negligently misdiagnosing plaintiff's wife of having infectious syphilis. As such, since the suggestion that his wife had this loathsome disease implicated him, the court decided the plain-

tiff likewise was a victim of the asserted negligent act. *Id.*

In consideration of the factors set forth in *Dillon v. Legg* and the subsequent decisions of the California courts in interpreting those factors, the Court concludes what common sense mandates in any case: that the harms alleged by plaintiff were not reasonably foreseeable to Air Florida and much too remote and unexpected to be actionable. Hence, plaintiff's allegations do not state a claim upon which relief may be granted, and, accordingly, this action shall be dismissed.

In light of the foregoing, it is, by the Court, this 10th day of March, 1983,

ORDERED, that the complaint in this action shall be and hereby is dismissed with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.