**Deborah E. LONGUS, et al., Plaintiffs,**

v.

**FIRST COLUMBIA MANAGEMENT, INC., et al., Defendants.**

**Civ. A. No. 86–180 SSH.**

United States District Court,
District of Columbia.

July 16, 1987.

Kenneth M. Trombly, Washington, D.C., for plaintiffs.

D'Ana Johnson, James C. Gregg, Washington, D.C., for defendants.

### MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion for partial summary judgment. Upon consideration of the motion, the opposition thereto, and the entire record, the Court concludes that the motion should be granted.

#### Background

Deborah Longus and her daughter Tonya are tenants in an apartment building owned by defendant Edgewood Limited Partnership (Edgewood), and managed by defendant First Columbia Management, Inc. (First

Columbia). On March 11, 1985, while employees of First Columbia were moving the stove in the Longus apartment, apparently in connection with plumbing work, a gas explosion occurred, burning a cabinet, scorching the walls, and damaging several items of personal property. Tonya Longus was not present when the explosion occurred. Deborah Longus alleges that both she and her daughter "suffered physical injury and severe mental anguish including insomnia, depression, headaches, and fear...."

Seven months later, in October of 1985, as a result of a water leak in the apartment directly above the Longus apartment, the ceiling over the Longus' bathroom collapsed. Deborah Longus alleges that she had notified the manager of the apartment building of the leak three days before the collapse, as well as a building maintenance man the day before the collapse. She asserts that she injured her back while attempting to clean up the soggy remains of the bathroom ceiling.

On January 21, 1986, plaintiffs brought this suit alleging three causes of action: negligent personal injury to Deborah and Tonya Longus as a result of the gas explosion; negligent personal injury to Deborah Longus as a result of the collapsed ceiling; and negligent personal injury to Deborah and Tonya Longus as a result of Edgewood's failure to provide competent management.

### Discussion

Defendants seek summary judgment with respect to Tonya's claim of emotional distress arising from the gas explosion. Defendants rest their motion initially on the ground that damages for negligent infliction of emotional distress may be recovered only when the emotional distress is accompanied by some sort of physical injury. In response to plaintiffs' suggestion that recovery may be granted by recharacterizing Tonya's claim as one for intentional infliction of emotional distress, defendants argue that their alleged conduct was not, as a matter of law, sufficiently outrageous to support such a claim. The Court agrees with defendants on both counts.

### I. *Negligent Infliction of Emotional Distress*

■ Under District of Columbia law, damages for negligent infliction of emotional distress may be recovered only when the plaintiff has suffered a physical injury as well. *See District of Columbia v. Smith*, 436 A.2d 1294, 1296 (D.C.1981); *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C.1980). Although the physical injury need not be substantial, *Waldon*, 415 A.2d at 1076 n. 20, some "physical injury-causing impact" must occur. *Saunders v. Air Florida, Inc.*, 558 F.Supp. 1233, 1236 (D.D. C.1983). As it is undisputed that Tonya was not even present in the apartment when the gas explosion occurred, she could not have suffered the requisite physical injury.[1]

### II. *Intentional Infliction of Emotional Distress*

■ Plaintiffs argue that even if the claim for negligent infliction fails for lack of a physical injury, the allegations of the complaint are sufficient to state a cause of action for intentional infliction of emotional distress. District of Columbia law does not

1. Plaintiffs argue that the complaint's allegation that Tonya suffered "physical injury" is sufficient to create an issue of fact, thereby precluding summary judgment. Plainly, mere reliance on the allegations of the complaint is not enough to defeat a proper motion for summary judgment. When a movant for summary judgment comes forward with evidence tending to show that there is no genuine issue for trial, "[Federal] Rule [of Civil Procedure] 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, 'designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(e)). Here, Deborah Longus' deposition testimony demonstrates that her daughter was not present when the explosion occurred, so she could not have been injured by the explosion. At most, plaintiffs have identified physical manifestations of Tonya's emotional distress (*e.g.*, insomnia and overeating); these physical manifestations do not provide the requisite physical injury. *Saunders*, 558 F.Supp. at 1236.

require evidence of physical injury when the defendant's tortious conduct is "wanton, outrageous in the extreme, or especially calculated to cause serious mental distress." *Shewmaker v. Minchew*, 504 F.Supp. 156, 163 (D.D.C.1980), *aff'd*, 666 F.2d 616 (D.C.Cir.1981). Because a plaintiff rarely will be able to prove subjective intent, often it will be necessary for the trier of fact to infer intent "from the very outrageousness of the defendant's acts or, for example, when the circumstances are such that 'any reasonable person would have known that [emotional distress and physical harm] would result.' " *Waldon*, 415 A.2d at 1077 (quoting *Wood v. United Air Lines, Inc.*, 404 F.2d 162, 165 (10th Cir.1968) (alteration in *Waldon*).

Plaintiffs allege that the defendants "consistently used relatively unskilled maintenance men to move gas stoves," in violation of District of Columbia law.[2] Plaintiffs offer no further support for their assertion that these alleged actions, which are characterized in the complaint as "a negligent course of conduct," demonstrate the necessary state of mind. Even if plaintiffs' allegations are accepted as true, it is clear to the Court that defendants' conduct would, at most, constitute negligence. The use of unskilled workers cannot, as a matter of law, be deemed "so extreme in degree, as to go beyond all possible bounds of decency." *Jackson v. District of Columbia*, 412 A.2d 948, 957 (D.C.1980) (quoting Restatement (Second) of Torts § 46 comment d (1965)).[3]

### Conclusion

To the extent the complaint attempts to state a cause of action for negligent infliction of emotional distress with respect to Tonya Longus, summary judgment is appropriate because plaintiffs have failed to demonstrate the existence of a physical injury. To the extent that the complaint attempts to state a cause of action for intentional infliction of emotional distress, summary judgment is appropriate, because, as a matter of law, defendants' conduct was nothing more than negligent. Accordingly, defendants' motion is granted and counts one and three of the complaint, as they relate to Tonya Longus' emotional distress, are dismissed.

---

2. D.C.Code § 2–2107 (1986) provides: "It shall be unlawful for the lessee of any building in the District of Columbia, or the agent or representative of such owner or lessee, to knowingly employ an unlicensed person to do plumbing or gas fitting in or about such building."

3. Plaintiffs' reliance on *Thomas v. Washington Gas Light Co.*, 114 Daily Wash.L.Rep. 461 (D.C. Super.Ct. Jan. 27, 1986), is misplaced. While the *Thomas* court's exposition of the applicable legal standards is fully consistent with this Court's, two important factual differences serve to distinguish *Thomas* from this case. First, the defendant in *Thomas* was a public utility, which may be held to a higher standard of care than the ordinary defendant. *Id.* at 464. Second, and more importantly, in *Thomas* there was evidence that the defendant received repeated warnings of the very gas leak which caused the explosion, and still failed to respond. *Id.* at 465. Clearly, the *Thomas* defendant's knowledge of the dangerous situation which caused the gas explosion introduces an element of recklessness not alleged in this case.